ARCHIBALD KISER, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

When a case is brought before this Court by a written agreement of the counsel of the parties, alleging that certain errors were committed in the Court below, without any certificate of the presiding Judge that the same is true and consistent with what transpired before him in the Court below, the case will be dismissed.

*Sci. fa.    Certiorari* from the County-Court of Sumter County.    Decided (as is alleged) by Judge VASON, at Chambers.

The papers in this case are as follows :

A bond made 25th September, 1866, by James Kiser principal, and Archibald Kiser and George W. Kiser securities, containing this condition: " Whereas, the above bound James Kiser has been arrested upon a warrant for the offence of larceny from the house *******, now if said James Kiser be and appear at said term of the County-Court to be holden on 2d Monday in November next ****, to answer said charge, then this bond to be void, else to remain in force :"

A bill of indictment found at November term, 1866, of said County-Court, which contains the names of but thirteen grand jurors, and charges that on the 24th September, 1866,

Kiser *vs.* The State of Georgia.

in said county, said James Kiser "did in the storehouse of G. M. Hay, privately steal one pair of boots, of the value of ten dollars, the property of said G. M. Hay:"

*Scire facias*, in which it was alleged that the condition of said bond was, that James Kiser "should answer to a bill of indictment" for the offence of larceny from the house, &c. (On this, George W. and Archibald Kiser were served. James was not found:)

"It is agreed that at the January term, 1867, this case (the *scire facias*) was set down for a hearing and decision at Chambers, on the 28th January, 1867, when, in the absence of W. Hawkins, from providential cause, the State took judgment of forfeiture; that on the 17th April, 1867, his Honor, for the reason of said providential absence, reopened said case for a hearing, when defendants objected to said judgment, and to the entering up the same, upon the following grounds, to wit:

"1st. Said bill of indictment is wholly defective, in not being returned by eighteen grand jurors.

"2d. That said bond is illegal and void, for uncertainty in not stating the offence with which defendant was charged.

"3d. That the *scire facias* is illegal, because it does not recite the bond.

"All of which was overruled. The Court let said judgment be entered, and the former judgment of forfeiture was affirmed.        (Signed)

    W. A. HAWKINS, Defendant's Attorney:"
"April 17th, 1867.

The County-Solicitor in writing agreed to these facts, and consented that the *certiorari* to the Superior Court be heard on them, and the copy bill, copy bond, &c., attached to said agreement:

Then there was what purported to be a judgment of affirmance by Judge VASON, Sumter Superior Court, April term, 1867:

And lastly, "We agree that the case, to wit: the decision of the Superior Court affirming the judgment of the Court below, may be heard in the Supreme Court of Georgia upon

the original *certiorari*, the indictment, the bond and *scire facias*, without a bill of exceptions, reserving to the State the right to insist upon the point that there was no *certiorari* in the Court below." This was signed by W. A. Hawkins, defendant's attorney, and N. A. Smith, Solicitor General Southwestern Circuit.

There was no certificate of the Judge, nor of the Clerk of either the County-Court or Superior Court.

W. A. HAWKINS, for plaintiff in error.

N. A. SMITH, Solicitor General, for the State.

WARNER, C. J.

This case is brought before this Court upon a written agreement of the counsel of the parties, alleging that certain errors were committed by the Court below, without any certificate of the presiding Judge as required by the 4161st section of the Code. To allow a case to be heard in this Court upon the agreement of the counsel, as to the alleged errors committed in the Court below, without the sanction of the presiding Judge, might do him great injustice. Before a case can be heard in this Court upon such an agreement for alleged error, it must first receive the sanction of the presiding Judge that it is true.

There being no certificate of the presiding Judge as to what he did decide in the Court below, or whether this agreement of the counsel is true and consistent with what transpired before him, the case must be dismissed.