Brown *vs.* Happ.

---

THOMAS E. BROWN, plaintiff in error, *vs.* PINCUS HAPP, defendant in error.

Where the attorneys of the parties in the Court below, agreed upon the statement of facts, upon which the Court below made its decision, but no bill of exceptions was ever presented to, or signed and certified by the presiding Judge, as required by the 4193 section of the Code: *Held*, that the case was not properly before this Court upon a *writ of error*, as required by law, and that it could not be heard to correct the errors, which it was agreed by counsel the Court below had committed; unless the same had been duly sanctioned and certified by the presiding Judge, before whom the case was tried.

Motion to dismiss bill of exceptions.

A regular bill of exceptions recited that, in April, 1869, in Washington Superior Court, before Judge Gibson, a cause was tried, in which Brown was plaintiff, and Happ was defendant, and in which there was no question but one of law, upon an agreement of facts stated in said bill of exceptions, that the Judge decided in favor of Happ, and that his decision was erroneous, for the reasons therein stated. On this, was the following : "We hereby admit that the facts set forth in the foregoing bill of exceptions were considered and

passed upon by Judge Gibson, as stated; that we waive filing of any transcript in the case, and copy of the bill of exceptions and notice and all exception and irregularities whatever, with the purpose of procuring a full and fair adjudication of the questions arising upon the facts stated and the laws of Georgia.     May 7th, 1869.

LANGMADE & EVANS,

Attorneys for Claimant."

On the 8th of May, 1869, the Clerk, in the usual form, certified "that the foregoing contains a true copy of the *fi. fa.*, the transfer, the affidavit of Happ, Happ's claim bond, the decision of his Honor, Judge William Gibson, together with the bill · of exceptions, and all other acts and doings in the matter of R. W. Flournoy vs. A. A. Underwood, (Thomas E. Brown, transferree, vs. Pincus Happ, claimant) as appears of file and record in this office."

The paper called the Judge's decision, is backed by the names of said parties and said case, and, after speaking of the facts as admitted, (and as recited in said bill of exceptions,) contains the decision and reasons for it, and an order sustaining the claim, and ordering the plaintiff to pay the costs.

But there was no certificate to the bill of exception, as required by the statute, nor was it pretended that Judge Gibson ever saw the bill of exceptions.    When the cause was called for trial here, Happ's attorneys moved to dismiss it for want of said certificate.    They admitted that the decision appended to the bill of exceptions, was in the handwriting of Judge Gibson.

LANGMADE & EVANS, A. R. WRIGHT, for movants, cited Kiser vs. The State, 36 Ga. R., 260.

IVERSON L. HARRIS, GILMORE & FLOURNOY, *contra.*

Brown vs. Happ.

WARNER, J.

This is a motion to dismiss the case upon the ground that there is no writ of error as required by law, the presiding Judge in the Court below not having signed and certified the bill of exceptions.   This Court has jurisdiction *alone*, for the trial and correction of errors in law and equity from the Superior Courts of the several circuits, and from the City Courts of the cities of Savannah and Augusta, and such other like Courts as may be hereafter established in other cities ; and shall sit at the seat of Government at such time or times, in each year, as the General Assembly shall prescribe, for the trial and determination of *writs of error from said Courts*. The 4192 section of the Code provides the mode and manner of excepting to the decisions of the Courts in any civil case, or criminal proceeding therein.   When the bill of exceptions is made out as required by the section of the Code above cited, it *shall* be tendered to the Judge who presides in the cause, within thirty days from the adjournment of the Court, or the date of the decision at Chambers, and, if true, the Judge *shall* sign and certify the same, substantially in accordance with the form prescribed therefor.   *This certificate shall be the writ of error* : Code, section 4193.   This Court, as has been already shown, has jurisdiction alone for the trial and correction of errors from the Superior and City Courts, brought before it by *writs of error* from said Courts.   In the case now before us, the presiding Judge has never signed and certified any bill of exceptions, as required by law.   Consequently, there is *no writ of error before this Court*, to be tried and determined : See *Kiser vs. The State*, 36 *Ga. R.*, 260.

Let the case be dismissed.