## ALLEN *et al. vs.* MEYERHARDT.

It will be seen from the record that on the 4th of June, 1877, a certain order therein recited was passed by the road commissioners of Floyd county in favor of Meyerhardt against Allen & Jones, requiring the latter to open a certain private way upon conditions therein named. Those conditions were that Meyerhardt should put the road in good condition within ninety days, to be passed upon by the commissioners of Baker's district; within ten days after their approval Allen & Jones were to erect gates, and thereby remove obstructions to the road; if Meyerhardt failed to put the road in good condition within the time specified, then the way was to be closed.

On the 14th September, 1877, Meyerhardt applied again to the commissioners of the county, reciting the first order and his compliance therewith, and that Allen & Jones, after notice, refused to put up the gates, and again prayed that the obstructions be removed. The facts alleged were traversed by Allen & Jones, and it was denied that the road had been put in good order, but insisted that a new road in some material points had been laid out and worked by Meyerhardt. On this point issue was joined, and the road commissioners of the county found against Meyerhardt, and ordered the road closed. From this judgment of the commissioners, Meyerhardt appealed by *certiorari* to the superior court on the 11th of December, 1877, when that court sustained the *certiorari*, and passed the following order: "Upon hearing the *certiorari*, it is ordered and adjudged that the *certiorari* be sustained, the judgment closing the road be set aside, and the commissioners direct the way to be opened as a private way, with the right of defendants to erect gates where the fences now are. If the road is not on the old road-bed, that Meyerhardt work it on the old road-bed within ninety days from the date of their order following this judgment, as per terms of the order of June 4th, 1877,—the said Jones & Allen to point out and stake the old road-bed for Meyerhardt or his agent, and if they refuse to do so, that the road remain open as now worked." To this judgment exception is taken, and the question is the legality thereof.

In so far as this judgment directs the old bed of the road to be pointed out and staked by Allen & Jones, otherwise the new road to stand, we think it beyond the power of the superior court to pass it under

162　　SUPREME COURT OF GEORGIA.

the issue made by the judgment complained of. If Meyerhardt cannot find his old road, it is his misfortune; if he wants a new road, he must apply for it according to law.

We therefore send the case back, with directions that the superior court dispose of the case according to this judgment, by passing upon the issue made.

