17253. LINTHICUM *v.* TRUST COMPANY OF GEORGIA.

1. Where a so-called bill of exceptions was not certified by the judge of the trial court, but was verified by the oath of the attorney for the plaintiff in error, as in cases where the presiding judge dies before certifying, and where it appears that the bill of exceptions was never tendered to the presiding judge for certification and no attempt was made to tender it, although the judge lived for more than ninety days after the adjournment of the term of the court during which the judgment complained of was rendered, and, so far as appears, was capable of acting and could have certified the bill had it been presented to him in time, the provisions of section 6155 of the Civil Code are inapplicable, and the bill of exceptions must be dismissed because it was not presented to and certified by the judge as required by law.

2. Furthermore, even if the provisions of section 6155 had been applicable and were otherwise complied with, where because of the death of the presiding judge the plaintiff in error undertakes to verify the bill of exceptions in the manner provided for in this section, he does not complete the verification so as to invest this court with jurisdiction, where he fails to procure and annex to the bill the "oath" of at least one disinterested member of the bar who was present at the trial, and fails also to show in the bill of exceptions or accompanying affidavit any reason for not including in the verification such sworn statement of a disinterested attorney.

(*a*) No motion to dismiss has been made, but, in a case of this sort, where this court has no jurisdiction, it is its duty to dismiss the bill of exceptions of its own motion; and this is true even though the parties undertake to confer jurisdiction by consent.

DECIDED FEBRUARY 14, 1927.

Certiorari; from Fulton superior court—Judge Bell. October 8, 1925.

*Charles E. Cotterill,* for plaintiff in error.
*Sutherland & Tuttle,* contra.

---

Appeal and Error, 3 C. J. p. 369, n. 30; p. 370, n. 35; 4 C. J. p. 248, n. 30; p. 251, n. 51, 53; p. 252, n. 54; p. 589, n. 12; p. 591, n. 17.

BELL, J. In this case there is a bill of exceptions (so-called) in the usual form, minus the certificate of the trial judge, assigning error on a judgment rendered in the superior court of Fulton county, Judge George L. Bell presiding. In place of the ordinary certificate of the judge there is attached to the bill of exceptions a writing subscribed and sworn to by the attorneys for the respective parties, in which it is recited that Judge Bell died before the bill of exceptions could be prepared and presented to him; that the annexed bill is true and correct, and specifies all the evidence and all material parts of the record; and that such attorneys agree that this affidavit and agreement may be accepted in lieu of a certificate of the trial judge, consenting that the bill of exceptions may have the same force and effect as though the same had presented to the Honorable George L. Bell within the time specified by law and certified by him. The affidavit and agreement of counsel further shows, "that, owing to illness and absence from the city of Atlanta, and engagement in the preparation and trial of various causes before the interstate-commerce commission, and other matters over which attorney for plaintiff in error had no control, it was impossible for this bill of exceptions to be prepared in the time specified by law." The bill of exceptions is not verified by any "disinterested member of the bar who was present at the trial."

The judgment complained of was the dismissal of a petition for certiorari. Counsel for the plaintiff in error says *in his brief* that there was no disinterested member of the bar present at the trial, and hence it was impossible to procure the verification of the bill of exceptions by the affidavit of such disinterested attorney; but such fact does not appear in the bill of exceptions as sent up, nor in the affidavits accompanying the same as made by the attorneys for the parties. It is also suggested by counsel for plaintiff in error that this court would not visit upon the parties any hardship by virtue of the unfortunate circumstances of the serious illness and eventual death of the trial judge.

Notwithstanding the agreement of counsel, we cannot entertain the so-called bill of exceptions. It is the duty of a reviewing court to raise the question of its jurisdiction in all cases in which its jurisdiction is clearly lacking or in which there may be any doubt as to its existence. *Floyd* v. *Mass. Mills*, 25 *Ga. App.* 519 (1) (103 S. E. 801). We are not authorized to take cognizance of a

case unless our jurisdiction affirmatively appears. *Crawford* v. *Goodwin,* 128 *Ga.* 134 (57 S. E. 240). The affidavit and agreement of counsel, submitted in lieu of the certificate of the trial judge, was executed on February 25, 1926. The judgment excepted to was rendered on October 8, 1925. If it was a judgment at chambers, a bill of exceptions should have been tendered within thirty days from that date. If it was a judgment in term, the time limit for presenting the bill was thirty days from the adjournment, and the term being the September term, the adjournment must have taken place before the convening of the November term, on the first Monday, which was the 2d day of November following. Thus, in the usual course the bill of exceptions ought to have been presented not later than December 1, 1925, whether the judgment was rendered in vacation or in term. *Birmingham. Finance Co.* v. *Chisholm,* 162 *Ga.* 501 (134 S. E. 301). But how stands the case in view of the allegations as to the death of Judge Bell?

Section 6155 of the Civil Code (1910) is as follows: "If the judge trying the cause resigns, or otherwise ceases to hold his office as judge, when the bill of exceptions is tendered, he may nevertheless sign and certify it; and if he should die before certifying it, or otherwise becomes incapable of acting, then the party may verify the bill of exceptions by his own oath, or that of his attorney, together with the oath of at least one disinterested member of the bar who was present at the trial; and such verifications shall operate in the same manner as the certificate of the judge. If the judge is absent from home, or by other casualty fails to certify the bill of exceptions within the time specified (and without fault of the party tendering it), he may still sign and certify as soon as possible, which shall be held and deemed valid." In the record there is nothing that expressly shows the date of Judge Bell's death. Irrespective of whether this court might take judicial cognizance of the fact of his death, and (if so) of the date of his death, we do know, without evidence in the case, that he was judge until February 8, 1926, and that Judge Pomeroy, his successor, was commissioned on February 10, 1926. *Ponder* v. *Shumans,* 80 *Ga.* 505 (2) (5 S. E. 502) ; *Abrams* v. *State,* 121 *Ga.* 170 (1) (48 S. E. 965) ; *Bailey* v. *McAlpin,* 122 *Ga.* 616 (1) (50 S. E. 956) ; *Glover* v. *Morris,* 122 *Ga. App.* 768 (5), 774 (50 S. E. 956). In *Cowart*

v. *Page, 59 Ga.* 235 (2), the Supreme Court held: "Where, because of the judge's death *after the bill of exceptions was presented to him* [italics ours], and before he certified it, the authentication of the bill is by counsel and another member of the bar, the date of the death need not appear, full diligence being shown to complete the authentication as soon as practicable, and the case having reached this court in time for the term to which it would have been returnable had the authentication been by the judge himself." See further, in this connection, *Kelsoe* v. *Taylor, 62 Ga.* 161. In the present case it affirmatively appears that no bill of exceptions was presented to Judge Bell in his lifetime. The sworn statement of the attorneys is that he died before the bill of exceptions could be prepared and presented to him. No bill of exceptions having been presented to the judge within thirty days from the adjournment of the court in which the judgment was rendered, although the presiding judge continued in life for more than ninety days after the adjournment of such term, counsel can not, after the judge's death, make up a bill of exceptions and verify the same as contemplated by the Civil Code (1910), § 6155, so as to confer jurisdiction upon this court to review the case, merely because the presiding judge is not living to certify the bill of exceptions when it is ultimately prepared. Artificial jurisdiction can not be conferred upon this court by consent of the parties (*Kiser* v. *State, 36 Ga.* 260; *Brown* v. *Happ, 39 Ga.* 61; *Tritt* v. *Roberts, 64 Ga.* 157; *DeLang* v. *Clare,* 137 *Ga.* 291, 73 S. E. 374), and since it appears from the affidavit of counsel that, for reasons not referable to the illness or death of the trial judge, the bill of exceptions was not presented to him within the time prescribed by law, this court is without jurisdiction, even though opposite counsel consent that the bill of exceptions be entertained. For aught that appears in the record, if the bill of exceptions had been presented within the usual time, Judge Bell would have been able to certify it and would have done so. In that event the case should have reached this court during the October term, 1925, whereas it did not arrive until after the commencement of the March term, 1926. The present case is to be distinguished in several points from the case of *Cowart* v. *Page,* supra. Under the facts appearing, section 6155 of the Civil Code (1910) is inapplicable, and the bill of exceptions must be dismissed because it was not presented to and certified by the trial judge as required by law.

Furthermore, where, because of the death of the presiding judge, the plaintiff in error undertakes to verify the bill of exceptions in the manner provided by the statute above referred to, he does not complete the verification so as to invest this court with jurisdiction, where he fails to procure and annex to the bill the "oath" of at least one disinterested member of the bar who was present at the trial and fails also to show in the bill of exceptions or accompanying affidavit any reason for not including in the verification such sworn statement of a disinterested attorney. In such a case this court can not do otherwise than to dismiss the bill for want of jurisdiction, and this is true notwithstanding no disinterested member of the bar was present at the trial. *Kelsoe* v. *Taylor,* supra. Whether the rule would be otherwise where the failure to furnish the oath of such disinterested attorney is accounted for by showing *in the bill of exceptions or in the verification as made,* and not merely *in the brief of counsel,* that no such attorney was present at the trial, is a question which it is not necessary to decide in this case.

No motion has been made by the defendant in error to dismiss the bill of exceptions, but, as we have indicated above, where this court has no jurisdiction, it is its duty to dismiss the bill of its own motion without entering into a decision of the merits of the case. See, in this connection, *Teasley* v. *Cordell,* 153 *Ga.* 397 (2) (112 S. E. 287).

If our judgment of dismissal should be attended with any hardship to the parties, we do not think that such hardship could be regarded as a visitation from this court when there is no other judgment that can be rendered in conformity with law.

*Writ of error dismissed. Jenkins, P. J., and Stephens, J., concur.*