19982. CRUMMEY *v.* STRICKLAND.

*William D. Turner,* for plaintiff in error.

*W. B. Gibbs,* contra.

STEPHENS, J. (After stating the foregoing facts.) Section 6155 of the Civil Code of 1910, relative to the certification of a bill of exceptions where the judge whose ruling is complained of has died, provides that the plaintiff in error in the bill of exceptions "may verify his bill of exceptions by his own oath, or that of his attorney, together with the oath of at least one disinterested member of the bar who was present at the trial; and such verifica-

tions shall operate in the same manner as the certificate of the judge." This section provides for the verification of the recitals of a bill of exceptions, in lieu of the certificate of the trial judge, where the trial judge has died since the rendition of the judgment complained of. It contains nothing extending the time within which a bill of exceptions may be verified. It follows, therefore, that a verification of the bill of exceptions where the judge has died, as provided in that section, must be made within the time prescribed by law for the certification of the bill of exceptions by the trial judge. Therefore, if an agreement by counsel as to the correctness of the recitals in a bill of exceptions could suffice in lieu of the oaths required by section 6155 in verification of a bill of exceptions where the trial judge has died, such an agreement will not suffice unless it is made within the time prescribed by law for the certification of the bill of exceptions by the trial judge. The judgment complained of having been rendered November 3, 1928, and there being nothing in the record to show that such agreement was made prior to July 19, 1929, more than eight months after the rendition of the judgment complained of, the agreement does not appear to have been made within the time prescribed by law for the certification of the bill of exceptions by the trial judge. Civil Code (1910), § 6152.

Moreover, it not appearing that the Honorable M. Price, the judge of the city court of Ludowici, who certified the bill of exceptions, had any jurisdiction over the case, and, irrespective of the question as to his jurisdiction, it not appearing that the bill of exceptions was presented to him prior to the date of its certification by him, viz., July 22, 1929, it was presented too late to constitute a valid bill of exceptions to a judgment rendered November 3, 1928.

The agreement between counsel, waiving the time within which the bill of exceptions must be presented for certification, and consenting to the taking of jurisdiction by Judge Price for the purpose of certifying the bill of exceptions, can not confer jurisdiction upon this court to entertain the bill of exceptions. *DeLang* v. *Clare,* 137 *Ga.* 291 (73 S. E. 374).

The so-called bill of exceptions in this case is a nullity, and confers no jurisdiction upon this court to pass upon the alleged errors. The writ of error therefore must be dismissed. See, in

this connection, *Linthicum* v. *Trust Co. of Ga.*, 36 *Ga. App.* 423 (136 S. E. 813).

*Writ of error dismissed. Jenkins, P. J., and Bell, J., concur.*