DAVIS *v.* MAYOR AND COUNCIL OF JASPER.

</div>

1. This court will in no case undertake to pass upon questions presented by a bill of exceptions, when it affirmatively appears that, even if the judgment of the court below were reversed, the plaintiff in error would derive no benefit from the adjudication.

2. It appearing that since the refusal of the injunction prayed for in the court below, the defendant has done all that was sought to be enjoined, and that no supersedeas was granted, the writ of error will be dismissed without prejudice.

<div align="center">Argued November 4, — Decided November 16, 1903.</div>

Motion to dismiss the writ of error.

*S. A. Darnell*, for plaintiff.

*J. W. Henley* and *W. T. Day*, for defendants.

CANDLER, J.   On June 19, 1903, Davis presented to the judge
of the superior courts of the Blue Ridge circuit a petition praying
for an injunction against the Mayor and Council of Jasper, re-
straining the defendant from issuing and delivering to Tate cer-
tain bonds which he claimed should be issued and delivered to
him.   A rule nisi was issued by the judge, calling on the defend-
ant to show cause why it should not be enjoined as prayed.   The
defendant filed an answer, and the case came on to be heard on
Saturday, July 25, 1903.   The judge took the case under advise-
ment, and on Monday, July 27, at Marietta, Ga., he passed an
order refusing the injunction prayed and vacating the temporary
restraining order which had previously been passed.   The order
denying the injunction, it seems, was filed with the clerk of the
superior court of Pickens county on July 28, and the plaintiff in
error claims that on July 29, before his counsel could prepare and
have signed a bill of exceptions to the denying of the injunction,
and before it was possible for him to reach the judge to obtain an
order superseding the order of July 27, the Mayor and Council of
Jasper issued and delivered the bonds to Tate, who, it appears,
had, on June 17, 1903, paid to the treasurer of the town of Jas-
per $3,091, the consideration for the bonds.   The bill of excep-
tions now under consideration was signed by the trial judge on
August 5, 1903.   On the call of the case in this court the defend-
ant in error moved to dismiss the writ of error, on the ground
that " since the refusal of the injunction in said case by the
court, to which the writ of error was taken, and before the pre-
sentation of the bill of exceptions to the court, and before the cer-
tifying and filing thereof, the municipal bonds of the par value of
three thousand dollars ($3,000.00), the subject-matter in contro-
versy, the issuing and delivery of which plaintiff seeks by his peti-
tion to enjoin, were by the proper authorities, on the 29th day of
July, 1903, issued and delivered to Tate, the purchaser thereof,
and no supersedeas to the judgment of the court below was ob-
tained, as provided by law."   The truth of the allegations made in
the motion to dismiss was admitted by counsel for the plaintiff in
error ; but in answer to the motion an affidavit was filed, setting
up that the defendant knew, or had reason to believe, that the
plaintiff would file a bill of exceptions to the order, and that the
bonds were issued and delivered to Tate before it was possible

for him to reach the judge with an application for a supersedeas. Tate was not a party to the case, and, before the bill of exceptions was tendered to the court, the defendant had issued and delivered to him the bonds, which he had paid for on June 17, two days prior to the presentation to the judge of the original petition for injunction.

In *Ambos* v. *Savannah etc. R. Co.,* 113 *Ga.* 1012, this court held that where it appeared that since the refusal of the application for temporary injunction by the court below, the defendant had done all the acts sought to be enjoined, no supersedeas having been granted, the writ of error would be dismissed. To the same effect is the case of *Gallaher* v. *Schneider,* 110 *Ga.* 322. As was said in *Benton* v. *Singleton,* 114 *Ga.* 548, "In no case will the Supreme Court undertake to pass upon questions presented by a bill of exceptions when an adjudication of them, even though favorable to the plaintiff in error, could not possibly result in any practical benefit to him." Why should we pass upon the question whether the bid of the plaintiff in error was the highest made for the bonds in question, or whether Tate's offer was any bid at all, under the facts of this case, when it is admitted that Tate, who is not a party to the suit, has already paid for the bonds and has them in his possession ? See *Henderson* v. *Hoppe,* 103 *Ga.* 684. We do not pass upon any of the questions raised by the bill of exceptions, but, following a long line of decisions by this court, we are compelled to dismiss the writ of error, without prejudice to any of the rights of the plaintiff in error.

*Writ of error dismissed. All the Justices concur.*