# Norwood *v.* Clem.

### *Mandamus Proceedings.*

1. *Mandamus; when appeal from order denying alternative writ dismissed.*—When, on an appeal from an order denying the alternative writ prayed for in a petition seeking to have a writ of *mandamus* issued to the clerk of a circuit court, commanding him to issue an execution upon a judgment recovered in said court, it affirmatively appears that the time within which an execution could have been lawfully issued on said judgment has expired, and the judgment is dormant, the appeal will be dismissed.


Appeal from an order of the Judge of the 8th Judicial Circuit.

Heard before the Hon. D. W. Speake.

The proceedings in this case were had upon a petition filed by the appellant, Willie Emma Norwood, addressed to the judge of the eighth judicial circuit of Alabama, asking for a *mandamus* to be issued commanding the appellee, J. E. Clem, as clerk of the circuit court of

Limestone county, to issue an execution on a judgment which had been recovered in favor of the petitioner.

The facts of the case are sufficiently stated in the opinion.

ERLE PETTUS and MARTIN & MARTIN, for appellant.

H. C. THACH and W. R. WALKER, *contra.*

DENSON, J.—This is a proceeding by *mandamus,* commenced by the relator against the respondent, as clerk of the circuit court of Limestone county, to compel the issuance of an execution on a judgment alleged to have been rendered in said court in favor of the relator, on the 20th day of January, 1904, against the Louisville & Nashville Railroad Company.

On the presentation of the petition to the judge of the 8th judicial circuit, on the 10th day of January, 1905, he entered on the petition an order denying the alternative writ. It is from that order the present appeal was taken.

Section 1880 of the Code provides for the issuance of an execution on a judgment at any time within a year after the rendition of the judgment. It cannot be questioned, that the issuance of an execution by the clerk on a judgment is a ministerial duty, which may be compelled by *mandamus.* And it may be conceded, that, at the time the relator presented her application to the circuit judge for the writ, she was on the face of the application entitled to have the alternative writ awarded.

But it clearly appears from the petition that to grant the alternative writ at this time would be a vain and useless thing to do, as it affirmatively appears that the time within which an execution could have issued on the judgment has expired and the judgment is now dormant. If this Court should reverse the order made by the circuit judge and order the issuance by him of the rule *nisi* to the clerk, on the return of the clerk that the time within which an execution could issue had expired, the court would have no authority to award a peremptory writ compelling him to issue the execution. To make such an order would be to require the clerk to violate the law.

—Code § 1880. It is well settled, on reason and authority, that *mandamus* will not lie to compel any officer to do an act which, without its command, it would not be lawful for him to do.—Moses on Mandamus, 58, 89; *State v. Judge,* 15 Ala. 740.

If the court were to require the clerk to issue the execution on the judgment, and the clerk should comply with the order, on petition by the defendant in execution to the circuit court for a *supersedeas* of the execution, on the ground that the judgment was dormant at the time the execution was issued, it would be the clear right of the defendant to have the execution superseded.

So, it would seem to follow that the question involved in the proceedings has become immaterial.

Where acts sought to be compelled by *mandamus* have become impossible, or in any other way the questions involved in the proceedings have become immaterial, the appeal will be dismissed.—Ency. Pl. & Pr., Vol. 13, p. 832, note 2; *Comer v. Bankhead,* 70 Ala. 136, on p. 145 (6 h. n.) ; *County of Montgomery v. Montgomery Traction Company,* 140 Ala. 458; *State v. Martin,* (Fla.) 36 So. Rep. 362; *Galvin v. Davidson,* (Fla.), 37 So. Rep. 575; *State v. Rowe,* 44 Fla. 175; 32 So. Rep. 926; *Broward v. Bowden,* 39 Fla. 751; 23 So. Rep. 489; *State v. Commissioners,* 27 Fla. 438; 8 So. Rep. 749; *Mills v. Green,* 159 U. S. 651; L. Co. P. Co. Ed., Book 40, p. 293.

We are of the opinion that the appeal should be dismissed and it is so ordered.

Appeal dismissed.

McCLELLAN, C. J., DOWDELL and ANDERSON, J.J., concurring.