GARLINGTON, receiver, etc., *v.* DAVISON & FARGO, trustees, *et al.*

It affirmatively appearing that, even if the judgment complained of were reversed, the plaintiff in error would not be benefited thereby, the writ of error is dismissed without prejudice to any of his rights.

Argued March 8. — Decided March 25, 1905. Rehearing denied May 10, 1905.

Equitable petition. Before Judge Hammond. Richmond superior court. September 17, 1904.

*William K. Miller,* for plaintiff.
*W. H. Barrett* and *E. H. Callaway,* for defendants.

FISH, P. J. In an equitable proceeding brought by Haines and Bishop against the Warwick Cotton Mills, to foreclose a second mortgage held by them on the mill plant, S. F. Garlington was appointed receiver of the property. Pending the proceeding, the receiver made advances from his individual funds in payment for services of watchmen he had employed to care for the property and for premiums of insurance policies on the same. On the receiver's petition to the judge to make Davison & Fargo, trustees under a first mortgage on the property, parties to the case in which he had been appointed receiver, and to require them to set up their claims therein, and to enjoin Clark, the sheriff of Richmond county, from selling the property under executions in his hands for taxes due thereon, and to have the amounts due the receiver for fees and necessary expenses of administration declared

to be the first lien on the property, the judge, at an interlocutory hearing, on September 17, 1904, passed the following order: ". . . it is hereby ordered and adjudged that the restraining order granted by me on August 30th, 1904, be and the same is hereby dissolved, and the sheriff is permitted to sell the property." Garlington, as receiver and in his individual capacity, excepted to the granting of this order. His bill of exceptions recites, in effect, that he insisted, on the hearing, that the court should make Davison and Fargo, trustees under the first mortgage, parties to the original case, in order that the question might be made and adjudicated whether his claim against the mortgaged property for fees as receiver and for advancements made by him for necessary expenses of administration was superior to the lien of the first mortgage, and that the court refused to make these trustees parties. Error was assigned upon such refusal. On the call of the case in this court, the affidavit of Clark was presented, from which it appears that after the restraining order had been dissolved by the judge, Clark as sheriff, duly and regularly sold the mill-plant of the Warwick Cotton Mills, on the first Tuesday in November, 1904, under certain executions for State, county, and school taxes due on the property, and that at such sale the City Council of Augusta was the purchaser at the price of $7,100.00, that being the highest and best bid. The truth of this affidavit was in no wise denied, nor does it appear that any supersedeas of the judge's order was obtained.

The only point referred to in the brief of counsel for the plaintiff in error is the alleged error of the judge in refusing to make the trustees under the first mortgage parties to the original case. Assuming that question to be properly here for adjudication, we are, in view of the fact that the property has been sold by the sheriff under the tax executions, unable to see how a decision now made, even if in favor of the plaintiff in error, would be of any practical benefit to him. This court has frequently held that it will not undertake to pass upon questions presented by a bill of exceptions when it affirmatively appears that, even if the judgment of the court below were reversed, the plaintiff in error would derive no benefit from the adjudication. *Davis* v. *Jasper*, 119 *Ga.* 57, and cases cited. If this court should be of opinion that the judge below erred in not making the trustees under the

first mortgage parties to the litigation, and further that the claim by the receiver for fees and necessary expenses of administration should be declared a charge on the property superior to the lien of the first mortgage, and should so decide, there is nothing now in custodia legis upon which the receiver's claim could operate. All the property of the Warwick Cotton Mills has, with the express permission of the judge, been sold by the sheriff under the tax executions, and even the proceeds of such sale are not now under the control of the judge. As any decision that might now be made on the question presented here by the plaintiff in error would obviously be fruitless to him, we are constrained, in view of the rulings made in the cases above cited, to dismiss the writ of error, without prejudice to any of his rights.

*Writ of error dismissed. All the Justices concur, except Lamar, J., disqualified.*