## TABOR, ordinary, v. HIPP et al.

1. When the record in this court shows that upon the hearing and denial of a motion for a new trial, made by the defendant in mandamus proceedings, the defendant had at that time fully complied with the writ issued against him by a delivery of books and documents which he was directed to turn over to others for the performance of specified work, and that such work had been completed and the books and documents restored to the custody of the defendant, a decision of questions raised in the mandamus proceedings, which involved only the question of the right to a mandamus, would be so far nugatory that this court will not pass upon them, but will dismiss the writ of error sued out by the defendant to the order of the court below denying a new trial.

2. If a decision of the questions involved would determine upon which of the parties litigant the costs shall fall, this fact would not prevent the case being given the course above indicated.

MARCH 15, 1911.

Mandamus. Before Judge Morris. Gilmer superior court. July 9, 1910.

*A. H. Burtz* and *Gober & Griffin,* for plaintiff in error.

*Clay & Morris* and *J. P. Brooke,* contra.

HOLDEN, J. Certain parties, alleging themselves to be the duly constituted registrars of Gilmer county, sought a writ of mandamus against the ordinary of that county to compel him to deliver to them certain books and documents for use in connection with their official work as registrars. Upon the trial the court directed a verdict in favor of the registrars, and entered thereon the mandamus as prayed for. The ordinary made a motion for a new trial, and asked for a supersedeas, which the court denied. Various exceptions pendente lite were made to rulings and decisions of the court, and error assigned thereon in the bill of exceptions; but a consideration thereof is not material, in view of the direction which this court deems it proper to give the case. Upon the hearing of the motion for a new trial the court refused the same,

and the defendant excepted to this order. · In the order the court gave as one of his reasons for denying a new trial, that when the motion was heard the ordinary had fully complied with the writ of mandamus by turning over the books and documents in question to the registrars, who had completed their work and returned all of such books and documents to the ordinary. Under this state of facts, it is apparent that there is now no existing controversy between the parties to which any decision rendered by this court on the questions involved would have any practical application. Were we to hold that the court erred in refusing the mandamus and send the case back to the lower court to act accordingly, any order which the latter court might hereafter grant could not, in this case, be of any practical benefit to the ordinary, who, in compliance with the mandamus absolute, delivered the books and documents as therein directed to the registrars, who, before the bill of exceptions was filed, had completed the use for which they were obtained and had returned them to the ordinary. A reversal of the judgment of the court below would give the ordinary no effective relief in this case. The controversy between the parties as to their rights has ceased to exist, and there is no subject-matter upon which a judgment of this court could operate. The ordinary has lost no rights of property which could be restored to him in case of reversal. It is not the policy of our jurisprudence with respect to litigated cases to decide questions which have ceased to be an issue by reason of facts having intervened rendering their decision of no practical application to the controversy between the litigants. This is the rule to which this court has adhered in injunction cases. *Baird* v. *Atlanta,* 131 *Ga.* 451 (62 S. E. 525) ; *Davis* v. *Mayor &c. of Jasper,* 119 *Ga.* 57 (45 S. E. 724). We see no reason why the rule is not equally applicable to writs of mandamus, as has been held by a number of courts of other jurisdictions. Norwood *v.* Clem, 143 Ala. 556 (39 So. 214, 5 Am. & Eng. Ann. Cases, 625, and note) ; Betts *v.* State, 67 Neb. 202 (93 N. W. 167, 2 Am. & Eng. Ann. Cases, 625, and note) ; 26 Cyc. 509; 13 Enc. Pl. & Pr. 832. If the costs of the litigation will fall on the ordinary as the losing party, this fact would not afford a sufficient reason why the court should decide the questions raised in the mandamus proceedings. It appears from the record that the ordinary, after having failed to obtain a supersedeas, on his

own motion had the hearing on his application for a new trial continued from time to time until the date it was heard, at a time when a decision in his favor would be nugatory as to any rights he had in resisting the mandamus. If he is liable for costs, he can not insist on a right to a decision merely to determine the issue upon which of the parties to the litigation the costs shall devolve. See 4 Am. & Eng. Enc. Law & Prac., p. 36, g, and authorities cited in notes; Chamberlain v. MacVickar (Iowa), 76 N. W. 839; State v. Richmond & D. R. Co., 74 N. C. 287; State v. Meacham, 17 Wash. 429 (50 Pac. 52); Moores v. Moores, 36 Or. 261 (59 Pac. 327).

*Writ of error dismissed. Fish, C. J., absent. The other Justices concur.*