MATHEWS, executrix, *v.* FORT VALLEY COTTON MILLS *et al.*

No. 9322. JULY 13, 1933.

*Duncan & Nunn, Mathews & Mathews,* and *T. S. Felder,* for plaintiff.

*W. H. Harris* and *C. L. Shepard,* for defendants.

BELL, J. H. A. Mathews filed a suit in equity against Fort Valley Cotton Mills, alleging, among other things, that the defendant was indebted to the plaintiff upon certain notes secured by mortgages on real estate, that the defendant was insolvent, and that the charter formerly issued to it had expired by operation of law. The plaintiff also alleged that he was a stockholder of the defendant company. He prayed for foreclosure of his mortgages, for appointment of a receiver, and for other equitable relief. The court appointed a temporary receiver, and required the defendant to show cause why the receivership should not be made permanent, and why the other prayers of the petition should not be granted. In the meantime A. J. Evans·and F. O. Miller, other stockholders, filed an application for a "reviver" of the corporation. Mathews then brought the present suit against Evans, Miller, and the cotton mills, alleging the pendency of the prior suit, together with many other facts, and praying that the defendants "be permanently restrained and enjoined from carrying out their scheme to revive the charter of said corporation." Before the interlocutory hearing upon this petition the plaintiff died, and Mrs. Lula M. Mathews, his executrix, was made a party plaintiff in his stead. The hearing on the petition for injunction was finally had on August 22, 1932, but the judge took the case under advisement and withheld judgment until September 1, on which date he entered an order, at chambers, refusing the plaintiff's prayer for injunction. To this judgment the plaintiff excepted. The bill of exceptions was tendered on September 20, 1932. The defendants moved to dismiss the writ of error, because the bill of exceptions presented a moot case. This motion was based upon the fact that on September 2, 1932, the next day after the refusal of injunction, the judge signed an order at chambers in Macon, Georgia, granting a reviver of the corporation as prayed in the application of the defendants, a duly certified copy of which order was attached to the motion as an exhibit. It further appeared that no supersedeas of the order refusing an injunction was requested or granted. In a response filed by the plaintiff the

following facts were stated: The order refusing the injunction, as rendered on September 1, was brought to the attention of counsel for the plaintiff for the first time by a letter from the judge, of even date therewith, which letter was not received until the night of September 2, "at which time the order reviving the charter had already been passed." The plaintiff therefore had no opportunity to apply to the judge for a supersedeas, or to give any notice of an intention to appeal from the judgment refusing an injunction. Still other reasons were urged against the motion to dismiss.

From the undisputed facts it is clearly apparent that the case is moot. According to the allegations and prayers, the only object of the petition was to enjoin the defendants "from carrying out their scheme to revive the charter of said corporation." Since the refusal of injunction the defendants have obtained an order purporting to revive the charter, and, so far as appears, this was a full accomplishment of the "scheme" which the plaintiff would have thwarted. The thing which he sought to enjoin has been done, and a decision on the merits could not change the status, no supersedeas having been obtained. The order reviving the charter was not dependent upon the judgment refusing an injunction, within the rule that if the main judgment be reversed, all dependent judgments fall with it. *Bigby* v. *Powell*, 15 *Ga.* 91; *Jordan* v. *Jordan*, 16 *Ga.* 446, 452; *Jones* v. *Hurst*, 91 *Ga.* 338 (17 S. E. 635). On the other hand, the order was an independent matter, and would not be affected by a reversal in the injunction case. "Where exception was taken to a refusal of an injunction to prevent the holding of an election, but no supersedeas was obtained and the election was duly and regularly held, the bill of exceptions thereafter certified and filed presented a moot question not for decision on writ of error." *Clements* v. *Wilkerson*, 151 *Ga.* 467 (107 S. E. 47). "It appearing that since the refusal of the injunction prayed for in the court below, no supersedeas having been applied for or granted, the defendant has done all that was sought to be enjoined, the writ of error will be dismissed without prejudice." *Bigham* v. *Yundt*, 158 *Ga.* 600 (2) (123 S. E. 870). See also *Gardner* v. *Jones*, 161 *Ga.* 286 (130 S. E. 680); *Tabor* v. *Hipp*, 136 *Ga.* 123 (70 S. E. 886, Ann. Cas. 1912C, 246); *Bridges* v. *Poole*, 176 *Ga.* 500 (168 S. E. 577). The case is not altered by the fact that counsel for the plaintiff did not know that the judge had refused an injunction until the judge

had also granted the order purporting to revive the corporation. Upon this question the case of *Davis* v. *Jasper,* 119 *Ga.* 57 (45 S. E. 724), is directly in point. There, as in the case at bar, the court refused an injunction, and before counsel for the plaintiff could prepare and have signed a bill of exceptions, and even before it was possible for him to reach the judge to obtain an order of supersedeas, the defendant proceeded to do the act which the plaintiff had sought to enjoin; and notwithstanding the plaintiff was not at fault in failing to apply for a supersedeas, the writ of error was dismissed upon the ground that the case was moot.

But it is further contended that the order in reference to revival, being a mere chambers order, was void and of no effect as reviving the corporation. Upon this assumption, it is not true, say the plaintiff's counsel, that the defendants have accomplished that which was sought to be enjoined. The position thus taken is not tenable, in view of certain additional facts which will now be stated. In paragraph 4 of the motion to dismiss the writ of error is the statement that on September 2, 1932, "the superior court of Peach County, Georgia, granted to the Fort Valley Cotton Mills a reviver of its charter," a copy of the order being attached, however, and showing upon its face that it was a mere chambers or vacation order rendered by the judge of the superior court of Peach County at his chambers in Macon, Georgia. In the response filed by the plaintiff the order is several times referred to as "the order reviving the charter." The point now made against the order was suggested for the first time in a second supplemental brief filed by counsel for the plaintiff in error several weeks after the oral argument. It is therefore apparent that during the entire course of the litigation in the court below and until the motion to dismiss had been made, answered, and argued, counsel on both sides assumed that a charter could be revived by an order at chambers. Accordingly, from the record and the additional proceedings in this court, we are of the opinion that the defendants have done all that they ever intended to do or that the plaintiff ever intended to enjoin; and since we entertain this opinion regardless of the legal effect of the vacation order, we will not decide any question as to the sufficiency of such order as a judgment of revival. See Ga. L. 1912, p. 107; Ga. L. 1913, p. 100; Ga. L. 1914, p. 96; Ga. L. 1925, p. 95. As indicated above, the plaintiff merely prayed to enjoin the defendants from

carrying out their "scheme to revive" the charter of the corporation. It does not appear that the defendants ever had a plan or scheme to do more than to obtain a chambers order. They now manifest a serene confidence that the charter has been revived, and there is no hint that further action in that direction will be taken. In all the circumstances, injunction is apparently unnecessary to prevent a further prosecution of the application for revival.

It is further contended that the plaintiff was entitled to a preservation of the status in the original suit for a receiver, wherein a temporary receiver had been appointed. Whether or not this might have been a good argument in favor of the petition for injunction, it is not a sufficient reply to the motion to dismiss the writ of error in the latter case. Such reasoning is addressed to the merits of the controversy, and does not tend to show that the case is not moot.

From what has been said, the motion to dismiss the writ of error must be sustained. We order a dismissal less reluctantly because we can not see that the plaintiff was hurt by the refusal of the injunction. The plaintiff's right as a stockholder may be protected by a court of equity in a proper case (Civil Code of 1910, § 2224; *Smith* v. *Coolidge Banking Co.*, 147 *Ga.* 7, 92 S. E. 519) ; and the same is true of the plaintiff's right as a creditor. *Stocks* v. *Van Leonard*, 8 *Ga.* 511; *The Anvil* v. *Savery*, 116 *Ga.* 321 (42 S. E. 495) ; *Chatham Bank & Trust Co.* v. *Ocilla Southern R. Co.*, 153 *Ga.* 37 (111 S. E. 570). A reviver of the corporation would not encroach upon either right, and the remedies for their protection would not be less adequate, though perhaps different to some extent. If the facts alleged in the plaintiff's petition as to past mismanagement and present fraudulent intention on the part of one of the defendants would constitute sufficient reason for denying the application to revive the corporation, it would seem that under the same facts the plaintiff could maintain a suit in equity to protect the plaintiff's right as a stockholder, or as a creditor, even where the charter has been revived and the other stockholders are attempting to conduct the corporation as a going concern.

In *Garlington* v. *Davison*, 122 *Ga.* 677 (50 S. E. 667), it was said: "It affirmatively appearing that, even if the judgment complained of were reversed, the plaintiff in error would not be benefited thereby, the writ of error is dismissed without prejudice to any of his rights." See also *Turner* v. *Hill*, 17 *Ga. App.* 257 (86 S. E. 460). *Writ of error dismissed. All the Justices concur.*