ARNOLD *v.* ARNOLD *et al.; et vice versa.*

Nos. 10518, 10528. April 11, 1935.

*W. A. Slaton,* for plaintiff. *C. E. Sutton,* for defendants.

Bell, Justice. This case has become moot after reaching this court. An instrument duly attested, and of which the following is a copy, was offered for probate as the last will and testament of Mrs. Sarah Arnold:

"State of Georgia, Wilkes County.

"I, Sarah Frances Arnold, being of sound and disposing mind, hereby revoking all wills heretofore made by me, do make, declare and publish this my last will and testament:

"Item 1. I desire all my just debts paid as soon as is practical after my death.

"Item 2. Certain of my household and kitchen furniture now in my residence I have given to my son Will B. Arnold, and to others of my children, and I direct my executor to deliver such gifts to them immediately upon my death if they have not previously been removed, they having been pointed out to him.

"Item 3. All the rest and residue of my property I direct be divided into six equal parts, one of which shall be paid over to each of my children, and one part shall be distributed between the heirs at law of my deceased daughter. If any of my children now living should die before I do, I direct that the share of such child be divided between the legal representatives or descendants of such child; but if such child shall die leaving no descendants, then the share shall be equally divided between the other legatees herein named equally, per stirpes and not per capita, as a part of my estate.

"Item 4.. I appoint my son Will B. Arnold my executor and authorize him to sell and convey any of my property at public or private sale, or to convey the same direct to any of the legatees, and execute a conveyance of the same conveying complete title without any order of any court, of [or] any other formality for the purpose of winding up my estate.

"This November———, 1930.        Sarah F. Arnold."

A caveat was filed and amended. While the case was pending in the superior court on appeal, the propounder, W. B. Arnold, demurred to the original and amended caveat, on several grounds. His demurrer was overruled, and he excepted pendente lite. The trial resulted in a verdict in favor of the caveators, denying probate. A motion for new trial was overruled, and the propounder brought the case to this court, assigning error on that ruling and on his exceptions pendente lite. The caveators followed with a cross-bill of exceptions, complaining of a certain ruling on the pleadings. The main bill of exceptions was filed in this court on September 26, 1934. Thereafter the attorney on record for W. B. Arnold filed a motion in behalf of Carl J. Arnold, a legatee under the will, stating that W. B. Arnold departed this life on November 13, 1934, and praying that C. J. Arnold as a legatee be made a party in lieu of W. B. Arnold, deceased. This motion was granted on November

16, 1934. Cf. *Scott* v. *McKee*, 105 *Ga.* 256 (31 S. E. 183). Later the clerk was directed to request the attorneys for an expression as to whether the case had not become moot by the death of W. B. Arnold. The attorney for the plaintiff in error in the main bill of exceptions made the following response: "1. That W. B. Arnold, propounder, died immediately preceding the argument of these cases in the Supreme Court, and C. J. Arnold was made a party in his stead, after which time the will of W. B. Arnold, by the terms of which C. J. Arnold was made executor and the entire estate of W. B. Arnold was devised to Jack Arnold, a nephew of W. B. Arnold, was probated, said probate occurring after the argument of the case in the Supreme Court of Georgia. As a matter of fact the interest of W. B. Arnold does not pass to the caveators in this case, and the issues for these reasons have not become moot. 2. Plaintiff in error further says that it appears from the record in these cases, in the testimony of C. S. Arnold and in the testimony of A. H. Jarecky, witnesses for caveators, in the brief of evidence, that there was deposited with A. H. Jarecky $4000 in liberty bonds as the property of Mrs. Sarah F. Arnold, and the title to that particular property has not been determined, and whether or not said liberty bonds were the property of the estate of Mrs. Sarah F. Arnold or were the property of the estate of B. C. Arnold is an issue which must be determined at some time in the future." Counsel for the defendant in error replied as follows: "1. The will of Mrs. Sarah F. Arnold directed that all of the property of the estate be divided among her children, of whom W. B. Arnold, the plaintiff in error, was one. W. B. Arnold died after the case had been carried to the Supreme Court of Georgia, leaving a will in which C. J. Arnold was named as executor, and the property of W. B. Arnold was bequeathed to a nephew, Jack Arnold. If the judgment of the lower court prevails by reason of the cases being held moot, the executor of W. B. Arnold can claim any right in the Sarah F. Arnold estate which his testator could have claimed. While the interest of W. B. Arnold in the Sarah F. Arnold estate does not pass to defendants in error, this does not alter the situation. 2. Regardless of whether the $4000.00 liberty bonds belongs to the estate of Mrs. Sarah F. Arnold or B. C. Arnold, a decision in the case above will not settle that question. If these bonds belong to the Sarah F. Arnold estate, her legal heirs can assert their rights

whether the will is allowed or denied probate. If the bonds belong to B. C. Arnold estate, a legal claim can be likewise asserted in the proper tribunal. A decision of the questions involved in these cases can be of no benefit except as to the determination of the law involved."

Item 1 of the will is a mere formal statement. The law provides for the payment of debts. Item 2 is not a bequest, but is simply a statement that undescribed gifts had previously been made by the testatrix. It appears from the record that decedent left five children, besides the children of a deceased daughter. Under the facts only the first clause of item 3 could have been effective as a bequest. This clause would dispose of the entire estate in strict accordance with the laws of inheritance, except that the term "heirs at law" might include the husband of the deceased daughter, whereas the surviving husband of such daughter would not share in this estate under the laws of inheritance. The husband, however, joined in the caveat, and is thus opposed to the only provision of the will which is favorable to him. No other person could be adversely affected by a denial of probate, and the children of such deceased daughter would be actually benefited by such a result. With these exceptions, every person referred to in the will would receive the same portion of the estate and receive it at the same time, whether the instrument offered as a will be probated or not. Since the husband of the daughter is the only person who could complain, and he is satisfied, the will may as to every one be treated as following the law of descent and distribution, except as to the powers granted to the nominated executor, and it will be so treated in the remainder of this discussion. Item 4 nominated Will B. Arnold as executor, and conferred powers which manifestly arose from personal trust and confidence. Since the death of W. B. Arnold, item 4 can no longer be the subject of controversy. If the will were probated, an administrator with the will annexed would be appointed "under the same rules as shall be prescribed for the granting of administration generally," and under the terms of this alleged will he would have no power other than that of an administrator. Civil Code (1910), § 3885. Under such an administration the designated legatees would have the same rights which would exist in their favor respectively under the laws of inheritance, and no other. The fact that W. B. Arnold left a will does not alter

the case, since he had never qualified under a probate of the will in solemn form, such probate having been denied. See *Jepson* v. *Martin*, 116 *Ga.* 772 (43 S. E. 75). The person or persons who would take under the will of W. B. Arnold would be entitled to his share of the estate of Mrs. Sarah Arnold, which, as stated above, will be the same whether Mrs. Arnold died testate or intestate.

It appears from the statements of counsel that the title to certain liberty bonds is in question, it being contended on the one side that these bonds are the property of the estate of B. C. Arnold, and on the other that they were the property of Mrs. Arnold. A probate of the alleged will of Mrs. Arnold could have no bearing upon this question. *Wells* v. *Thompson*, 140 *Ga.* 119 (6) (78 S. E. 823, 47 L. R. A. (N. S.) 722, Ann. Cas. 1914C, 898); *Walden* v. *Mahnks*, 178 *Ga.* 825 (174 S. E. 538). Furthermore, it appears that the item naming an executor and specifying the powers to be exercised by him constituted the sole cause of controversy between the parties, and that this ground of difference has been conclusively removed by the death of such nominee.

It follows from what has been said that a decision upon the questions raised in the present case would not be of the slightest benefit to any person. "This court will in no case undertake to pass upon questions presented by a bill of exception, when it affirmatively appears that, even if the judgment of the court below were reversed, the plaintiff in error would derive no benefit from the adjudication." *Davis* v. *Jasper*, supra. See also *Garlington* v. *Davison*, 122 *Ga.* 677 (50 S. E. 667); *Baird* v. *Atlanta*, 131 *Ga.* 451 (62 S. E. 525). Under the facts there is now before this court no justiciable controversy, and the main bill of exceptions must be dismissed on the ground that the questions raised have become moot. In the circumstances, a dismissal of the case can not possibly fraustrate any intention of Mrs. Arnold, since, with the exception of item 4, her wishes will be enforced by the laws of inheritance; and item 4 could not now be executed, because of the death of W. B. Arnold. See 68 C. J. 642, § 132. Since the dismissal of the main bill of exceptions will not leave the case to be tried again in the court below, it is also proper to dismiss the cross-bill.

*Writs of error dismissed. All the Justices concur.*