## WILLIAMS *v.* THE STATE.

No. 12510.  JANUARY 11, 1939.

*A. S. Johnson,* for plaintiff in error.

*M. J. Yeomans, attorney-general, A. S. Skelton, solicitor-general, Ellis G. Arnall,* and *E. J. Clower,* contra.

REID, Chief Justice.  The defendant was indicted for murder. The jury returned a verdict of guilty, without recommendation.  By virtue of the provisions of the Code, §§ 26-1005, 27-2514, the defendant was sentenced by Hon. Berry T. Moseley, judge of the superior court, to be electrocuted on October 12, 1937.  Thereafter and in due time the defendant prosecuted a writ of error, and a judgment of affirmance was rendered.  186 *Ga.* 251 (197 S. E. 838).  The date set for the execution of the sentence having passed, Judge Marshall L. Allison (who had been appointed judge of the superior court of Elbert County to fill the vacancy caused by the death of Judge Moseley), in accordance with the Code, § 27-2518, fixed a new date for the execution of the sentence theretofore imposed on the defendant, to wit:  July 15, 1938, and further pro-

vided in his order that the execution take place "within the walls of the State Penitentiary in Tattnall County, Georgia, or such place in said State as the State Board of Penal Administration may designate." The defendant filed a motion to set aside this sentence, on various grounds. This motion was overruled, and exceptions are taken thereto.

■ One of the reasons urged why the sentence thus imposed upon the defendant should be set aside is that Judge Allison was disqualified to act. In this connection it is alleged that at the time of the former appearance of the case before this court, Judge Allison "was . . counsel for the State of Georgia, and his said office [Department of Law] filed a brief and argument in the Supreme Court of Georgia against your petitioner while he was assistant attorney-general of the State of Georgia, which petitioner alleges disqualifies him in said case." It is not necessary to pass upon the merits of this ground of the motion. The date fixed by Judge Allison in his order for the execution of the sentence of electrocution theretofore imposed by Judge Moseley: (July 15, 1938) has passed. It will therefore be necessary for the judge of the superior court of Elbert County to fix a new date. This court will take judicial cognizance of the fact that Judge Clark Edwards, and not Judge Allison, is now judge of the superior court of Elbert County (*Ponder* v. *Shumans,* 80 *Ga.* 505 (2), 5 S. E. 502; *Jossey* v. *Brown,* 119 *Ga.* 758, 765, 47 S. E. 350; *Bailey* v. *McAlpin,* 122 *Ga.* 616, 50 S. E. 388; *Linthicum* v. *Trust Company of Georgia,* 36 *Ga. App.* 423, 425, 136 S. E. 813; *Bacon* v. *Howard,* 19 *Ga. App.* 660 (4), 91 S. E. 1065), and that Judge Edwards, and not Judge Allison, will have to fix a new date for the execution of the sentence. Therefore a decision upon the merits of the question thus presented, even if in favor of the defendant, would be of no benefit to him. This court will therefore decline to go into the question. See *Baird* v. *Atlanta,* 131 *Ga.* 451 (62 S. E. 525) ; *Davis* v. *Jasper,* 119 *Ga.* 57 (45 S. E. 724) ; *Bigham* v. *Yundt,* 158 *Ga.* 600 (123 S. E. 870) ; *Garlington* v. *Davison,* 122 *Ga.* 677 (50 S. E. 667) ; *Tabor* v. *Hipp,* 136 *Ga.* 123 (70 S. E. 886) ; *Turner* v. *Hill,* 17 *Ga. App.* 257 (86 S. E. 460) ; *Kitchens* v. *State,* 4 *Ga. App.* 440 (61 S. E. 736) ; *Arnold* v. *Arnold,* 180 *Ga.* 560 (179 S. E. 715). The remaining headnotes require no elaboration.

*Judgment affirmed. All the Justices concur.*