## GRIZZEL v. GRIZZEL.

JENKINS, Justice. A wife sued her husband to recover or obtain a decree of title in her to certain money, as well as several thousand dollars worth of other property belonging to her as having been purchased with her funds. The judge dismissed her petition on general demurrer. A few days later, in the trial of the wife's separate divorce and alimony suit pending in the same court against the husband, the wife introduced in evidence the previous judgment on demurrer, as showing the husband's ownership of the properties, for the consideration of the jury in awarding alimony; and in accordance with the wife's contention the court charged the jury that under this judgment "the title to the properties is in the defendant" husband. While the jury refused to grant the wife's petition for divorce, they awarded her alimony, which has been paid, without any writ of error being taken from such decree. After the alimony trial and decree, the plaintiff tendered the present bill of exceptions to the judgment on demurrer to her petition to recover properties. In a sworn motion by the defendant husband to dismiss this writ of error, these facts are set forth. In a response by the plaintiff, seeking to amend her bill of exceptions on another ground of the motion, such facts are not denied. In the brief of her counsel they are conceded to be true. *Held:*

1. While a motion to dismiss a writ of error, dependent on the existence of alleged facts outside of the record, will be overruled where such averments of fact are denied by the plaintiff in error or his counsel, the motion will be sustained if the alleged facts would, if true, require a dismissal, and if, in response to the motion, there is either an admission or a failure to deny such facts. *Tuells* v. *Torras*, 113 *Ga.* 691, 693 (39 S. E. 455). See also *Jones* v. *Head*, 185 *Ga.* 857 (196 S. E. 725); *Wilson* v. *Eatonton*, 180 *Ga.* 598, 602 (180 S. E. 227).

2. "This court will in no case undertake to pass upon questions presented by a bill of exceptions, when it affirmatively appears that, even if the judgment of the court below were reversed, the plaintiff in error would derive no benefit from the adjudication." *Arnold* v. *Arnold*, 180 *Ga.* 560, 564 (179 S. E. 715); *Williams* v. *State*, 187 *Ga.* 415, 417 (1 S. E. 2d, 27), and cit.; *Davis* v. *Jasper*, 119 *Ga.* 57 (45 S. E. 724).

3. As a general rule, any voluntary act by a party, with knowledge of the facts, by which he expressly or impliedly recognizes the validity and correctness of a judgment against him, will operate as a waiver of his right to bring error to reverse it, as where he receives affirmative relief under the judgment or takes a position inconsistent with his right of review. 2 Am. Jur. 969, 972, 975, 976, §§ 201, 206, 214; 4 C. J. S. 395, 396, 403, §§ 211, 212(a), 212(g), and cit.

4. Under the preceding rulings and the conceded facts in this case as narrated, the act of the wife in claiming advantage from the judgment against her in the equitable proceeding pertaining to title amounted to more than a mere election between inconsistent remedies, such as would authorize the sustaining of a plea in the trial court against any subsequent effort on her part to attack the adverse judgment, of which she had thus availed herself. See *Board of Education* v. *Day*, 128 *Ga.* 156, 164, 166 (57 S. E. 359); *Hardeman* v. *Ellis*, 162 *Ga.* 664 (4), 685 (135 S. E.

195); *Hartley* v. *Hartley*, 173 *Ga.* 710, 713 (161 S. E. 358); *Bacon* v. *Moody*, 117 *Ga.* 207, 209 (43 S. E. 482); *Wright* v. *Zeigler*, 70 *Ga.* 501 (5, a.), 512; *Equitable Life Assurance Society* v. *May*, 82 *Ga.* 646, 655 (9 S. E. 597); *Kennedy* v. *Manry*, 6 *Ga. App.* 816 (66 S. E. 29); Code, § 3-114. Such conduct in the alimony proceeding amounted to an actual consent to and approval of the validity and correctness of the judgment now attacked. Accordingly, the motion to dismiss the writ of error must be granted.

*Writ of error dismissed. All the Justices concur.*

No. 13251. MAY 14, 1940.

*John S. Wood* and *William Butt*, for plaintiff.
*Thomas H. Crawford* and *Morris & Welsch*, for defendant.