BUSH *et al.* v. JEFFERSON STANDARD LIFE INSURANCE COMPANY.

No. 14006. MARCH 11, 1942.

*Henry G. Howard* and *Isaac S. Peebles Jr.,* for plaintiffs.

*Smith, Wharton & Jordan, Bryan, Middlebrooks & Carter,* and *Hammond, Kennedy & Yow,* for defendants.

JENKINS, Justice. Exceptions to the dismissal on general demurrer of a petition by stockholders in a debtor corporation, to restrain and enjoin an advertised public sale by the creditor under a power in the security deed, must be dismissed as moot, where it now appears in this court without dispute that the sale it was sought to enjoin has occurred after the dissolution of a temporary restraining order without supersedeas, and where all the relief sought in the petition necessarily was merely incidental to a postponement of the sale, and where it is conceded that the security deed and the indebtedness claimed thereunder are valid, and there is no attack on the validity of the sale as it occurred, but the essential relief sought was merely a postponement of the sale to a more advantageous time for the benefit of the plaintiffs and other stockholders. *Moody* v. *Ga. Ry. & Power Co.,* 139 *Ga.* 102 (76 S. E. 857) ; *Tabor* v. *Hipp,* 136 *Ga.* 123, 124 (70 S. E. 886, Ann. Cas. 1912C, 246) ;

*Samuels* v. *Lanford,* 149 *Ga.* 167 (99 S. E. 532). Since the case thus has become moot, we are compelled, following a long line of decisions by this court, to dismiss the writ of error, but do so without prejudice to any of the rights of the plaintiffs. *Mathews* v. *Fort Valley Cotton Mills,* 177 *Ga.* 340, 344 (170 S. E. 256); *Davis* v. *Jasper,* 119 *Ga.* 57 (2), 59 (45 S. E. 724); *Garlington* v. *Davison,* 122 *Ga.* 677, 679 (50 S. E. 667); *Bigham* v. *Yundt,* 158 *Ga.* 600 (2) (123 S. E. 870). The explicit preservation of any rights that the plaintiffs might have under circumstances such as outlined, which has frequently been granted as in the cases just cited, is manifestly just and appropriate, inasmuch as the plaintiffs could not have excepted and obtained a supersedeas from the dissolution of the restraining order, so as to prevent the sale which rendered the case moot. *Bragg* v. *Burke,* 182 *Ga.* 592 (2) (186 S. E. 675); *Hitchcock* v. *Hamilton,* 184 *Ga.* 700 (192 S. E. 726); *Jones* v. *Graham,* 187 *Ga.* 622 (1 S. E. 2d, 635), and cit. Such preservation of any rights which the plaintiffs might have, and which otherwise might have become moot under the doctrine of res judicata (see *Manry* v. *Stephens,* 190 *Ga.* 305 (2), 306, 9 S. E. 2d, 58), rests upon an even sounder basis than the right often given to a plaintiff in error to file his premature bill of exceptions as exceptions pendente lite.

Decisions cited by the plaintiffs hold nothing to the contrary. In *Peoples Bank* v. *Fidelity Loan &c. Co.,* 155 *Ga.* 619 (117 S. E. 747), the court refused to treat the case as moot, because "the petition prayed for equitable relief which, if granted in the suit, would avoid the sale," and the defendant had "proceeded to sell at its peril." In *Henderson* v. *Willis,* 160 *Ga.* 638 (5), 646 (128 S. E. 807), the case was not treated as moot, because the petition, brought after the sale, attacked its validity for the reason that the advertisement had violated a previous injunctive order of the court, and chilled the bidding, and therefore did not constitute such legal notice as the law requires. A similar situation existed in *Plainville Brick Co.* v. *Williams,* 170 *Ga.* 75 (3) (152 S. E. 85). The instant case differs also from *Reid* v. *McRae,* 190 *Ga.* 323 (3), 332 (9 S. E. 2d, 176), where the judgment of the trial court granting an injunction was reversed, for the reason that at the trial it was made to appear that the acts sought to be enjoined had already occurred, and exception was taken to the action of the judge in

granting an injunction against a past transaction. The decision in that case merely imposed upon the court below the same rule to which this court holds itself amenable, that is, neither court shall pass upon cases where the issues involved have become moot. In the instant case the record does not show that the judge was apprised, at the time the petition was dismissed on general demurrer, that the sale had occurred; nor is there any exception based thereon, but the undisputed facts with reference to the moot character of the case first appear in the briefs of counsel.

*Writ of error dismissed. All the Justices concur.*