ALLEN *v.* ALLEN.

GRICE, Justice. The averments of fact in the motion to dismiss the writ of error are admitted in the plaintiff in error's written response to the motion. Thus it appears that, after suing out the writ of error in this case, the plaintiff in error filed a petition for receiver against the defendant in error and others, reciting that she, the plaintiff therein, was the owner of a judgment lien against the defendant in error by virtue of a decree (the reference being to the decree under attack on the instant writ of error), as well as a judgment against him for alimony; and praying, among other things, that a receiver be appointed to take possession of all the properties of the defendant, "for the purpose of satisfying your petitioner's said judgments or decrees." It further appears that on said petition a receiver was appointed for all the assets of the defendant. The motion to dismiss the writ of error is based on the contention that the plaintiff in error's acts, as above recited, are inconsistent with her right to have reviewed the validity of the decree in the instant case or the correctness of the verdict on which the same was rendered. *Held:*

The motion is controlled by the ruling in *Grizzel* v. *Grizzel,* 190 *Ga.* 219 (9 S. E. 2d, 247), that, "As a general rule, any voluntary act by a party, with knowledge of the facts, by which he expressly or impliedly recognizes the validity and correctness of a judgment against him, will operate as a waiver of his right to bring error to reverse it, as where he receives affirmative relief under a judgment or takes a position inconsistent with his right of review."

*Writ of error dismissed. All the Justices concur.*

No. 14942. SEPTEMBER 11, 1944.

*Houston White* and *A. M. Roan,* for plaintiff.
*Noah J. Stone* and *R. B. Pullen,* for defendant.