## 42209. R. V. WELCH ASSOCIATES, INC. v. STATE HIGHWAY DEPARTMENT.

PANNELL, Judge. Section 7 of the Act of 1961 (Ga. L. 1961, pp. 517, 525) as amended by Section 5 of the Act of 1962 (Ga. L. 1962, Sept. Sess., pp. 37, 46; *Code Ann.* § 36-1307) establishing an additional method of condemning private property for public road purposes provides: "[w]here there has been an appeal to a jury, and a verdict has been had, the court shall, in instances where no motion for new trial is filed or bill of exceptions taken, within the time provided for by law, or where such verdict has been affirmed by a proper appellate court and the remittitur from such court has been made the judgment of the superior court, enter up judgment in favor of the condemnee and against the condemnor in the amount of such verdict, together with the accrued court costs, which judgment shall be immediately credited with the sum of money deposited by the condemnor with the declaration of taking, and which shall bear interest at the rate of seven per centum per annum upon any increase from the amount so deposited; and, upon the failure or refusal of the condemnor to immediately deposit such increase in such sum into the registry of the court, as well as the accrued court costs, it shall be the duty of said clerk to issue execution therefor." Where, as in the present case, a verdict of the jury was rendered on November 17, 1964, finding an amount as damages in excess of the original amount estimated and deposited with the court under Section 3 of said Act as amended (*Code Ann.* § 36-1303) and the trial judge, without waiting the expiration of the time for moving for a new trial, entered a judgment in favor of the condemnee and against the condemnor for the amount of damages found by the jury, and after the filing on December 1, 1964, of the condemnee's motion for new trial and the amount found by the jury was disbursed to the condemnee and accepted by it, the appeal to this court from the judgment of November 17, 1964, after the overruling of a motion for new trial presents only moot questions. See *Grizzel v. Grizzel*, 190 Ga. 219 (3) (9 SE2d 247); *Allen v. Allen*, 198 Ga. 267 (31 SE2d 481). The fact that the judgment entered by the trial judge may have been prematurely entered does not alter the situation, as the condemnee, by accepting the payments thereunder, effectively terminated its

right to appeal from the judgment. While provision is made for the withdrawal of the estimated amount of damages deposited in the registry of the court upon the filing of the declaration of taking without any penalties being attached, no such provision is made for the condemnee to "draw down" the amount of the final judgment entered upon the verdict of the jury.

Appeal dismissed. Felton, C. J., and Frankum, J., concur.

ARGUED SEPTEMBER 8, 1966—DECIDED OCTOBER 13, 1966.

Kemp & Watson, John L. Watson, Jr., for appellant.

Arthur K. Bolton, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General, J. Patrick Ward, John R. McCannon, for appellee.