THE MAYOR AND ALDERMEN OF MILLEDGEVILLE *v.* VINSON.

There is absolutely no merit, nor even any color of merit in this writ
of error, and the         *Judgment is affirmed.*
July 10, 1893.

Petition for injunction. Before Judge JENKINS. Baldwin county. At chambers, May 12, 1893.

On the petition of Vinson, a tax-payer in the city of Milledgeville, the mayor and aldermen of that city were enjoined from issuing and selling bonds to the amount of $10,000, until the further order of the court. It appears that on February 3, 1890, the mayor and aldermen in meeting " Resolved, that the question of issuing bonds as provided in the act of the legislature approved November 4, 1889, be submitted to the qualified voters of the city of Milledgeville in accordance with said act, and that an election be called for Thursday, the 13th of March, 1890 ; and that the books of registration be opened on Thursday, February 6th, and kept open until February 20th, both days inclusive ; and that the publication of the act be complied with." The published notice of the election was in these words : " Pursuant to an act of the General Assembly of the State of Georgia, approved November 4th, 1889, an election is hereby ordered to be held in the city council chamber on Thursday, March 13th, 1890, for the purpose of authorizing the Mayor and Aldermen of the City of Milledgeville to issue and sell bonds for the purpose of making improvements of a substantial character in said city. All who favor the issue and sale of said bonds as set forth in said act shall have written or printed upon their ballot, ' for bonds '; and those who are opposed to the issue and sale of said bonds as set forth in the said act, shall have written or printed on their ballot, ' against bonds.' By order of the Mayor and Aldermen of the City of Milledgeville.

February 3d, 1890.    (Signed) G. W. Caraker, clerk
city council."

On February 13, 1890, the mayor and aldermen
" Resolved, that the advertisement of a call for an elec-
tion to issue and sell bonds be amended as follows: that
the sale of bonds, if approved at this election, shall be
confined to twenty-two thousand dollars, of which ten
thousand dollars shall be a donation from the city to
the Girls' Industrial School, and twelve thousand dollars
shall be applied as advancement for the same purpose,
to be refunded to the city hereafter by the directors of
said Girls' Industrial School."    The election was held
on March 13, 1890 ; and after examining the returns it
was ascertained and declared that more than two thirds
of the qualified voters of the city had voted for the sale
of bonds; and bonds to the amount of $22,000 were
issued and sold.    On February 21, 1893, a petition was
presented to the mayor and aldermen, signed by two
hundred and forty-eight persons, alleging themselves to
be citizens, voters and tax-payers, asking that the mayor
and aldermen issue bonds not to exceed $10,000 in
amount for the erection of suitable buildings for the
Middle Georgia M. & A. College, said building to be and
remain the property of the city, etc.    Thereupon the
mayor and aldermen passed a resolution reciting the
presentation of this petition and the fact of the former
election, and ordering an issue of twenty bonds of the
city of the denomination of $500 each, maturing in the
year 1923, bearing interest at six per cent. per annum,
payable semi-annually, and directing how the proceeds
of sale should be applied.

The grounds for injunction set up by the petition are,
that the act of the legislature of 1889 (Acts 1889, p.
933) is unconstitutional, it requiring " the assent of two
thirds of such qualified voters voting at said election,"
whereas the constitution of 1877, article 7, section 7,

paragraph 1, requires the assent of two thirds of the qualified voters of the city; that the act is void also, as providing for a case fully covered by a previous general law, to wit the act of 1879 found in sections 508 (i–m) of the code, under the constitution, code, §§5027–8; that neither the notice of the election of March, 1890, nor that of the proposed election of 1893, stated how much of the principal and interest on the bonds was to be paid annually; that the assumed authority in the election of 1890, was for the issuance of bonds to the amount of $22,000 and no more; that the election in 1890 did not authorize the issuance of $10,000 of bonds in 1893; and that the issue of bonds now advertised is absolutely without authority of any election as required by law. The petition also alleges that the amendment of February 13, 1890, to the resolution authorizing the election to be held, which amendment confined the amount of bonds to be issued to $22,000, was because of a protest on the part of certain citizens and voters. The answer of the mayor and aldermen denies that there was any protest filed by any number of citizens to the election as ordered, but alleges that if this was true, the action of the mayor and aldermen in amending the call for the election was beyond the power and authority given them by the act of 1889, and that the act being carried by the lawful vote required, the mayor and aldermen could not change or alter its terms or requirements. The answer further alleges, that the signers to the petition for the proposed issue of bonds were all citizens and qualified voters of the city, but that no election was necessary or could be lawfully held, because by the constitution and act only one election is authorized; that the petition was merely the expression of the wishes of the citizens and only to give evidence of the people's will; that the law does not require any notice in the call for election of how the bonds will be paid, but if it did, the

mayor and aldermen did give notice by ordinance duly enacted and published as above set forth; and they deny that the law required that they should at any time give any notice to the electors of how much of the principal and interest on the bonds was to be paid annually.

Whitfield & Allen, for plaintiff in error.