## SAMUELS *v.* LANFORD.

GILBERT, J. Where, on the call of a case for argument in this court, it appears from uncontradicted evidence that the only question involved has become moot and that no relief can be obtained by a decision of the case, the writ of error will be dismissed on motion. The only relief that the plaintiff sought to obtain by a reversal of the judgment in this case was her discharge from custody; and it has been made to appear, without denial, that she has already been discharged. This court will not proceed with a case purely to decide abstract questions. *Stark* v. *Hamilton,* 149 *Ga.* 44 (99 S. E. 40), and authorities cited. This case differs from that of *Lark* v. *State,* 55 *Ga.* 436. _It was said in that case that "it did not appear from the record or otherwise that the imprisonment had ceased. It could not be presumed to have ceased. . . An illegal imprisonment is not supposed to terminate in a voluntary discharge."

　　　　　　　　*Writ of error dismissed. All the Justices concur.*
　　　　　　　　No. 1278. JUNE 11, 1919.

Habeas corpus. Before Judge Hill. Fulton superior court. December 13, 1918.

Ruth Samuels filed a petition for a writ of habeas corpus, alleging that she was unlawfully detained by Thomas B. Lanford, superintendent of the city prison of Atlanta, under an act of the General Assembly alleged to be void. The judge passed an order refusing to issue the writ, on the ground that "the allegations of the petition are not sufficient to entitle the applicant to the writ of habeas corpus," and for other reasons. To this judgment the plaintiff excepted. On the call of the case in this court the defendant moved to dismiss the bill of exceptions, on the ground that the said "Ruth Samuels was dismissed from custody on December 24th, 1918, by order of the deputy health officer of the City of Atlanta, and is not now in his custody or control, and therefore cannot be subject to any further order even if the court should reverse the judgment and require a hearing on the writ." The defendant also attached to this motion his affidavit in which he stated that the petitioner was received into the city prison on December 9, 1918, and was

discharged therefrom on December 24, 1918, by order of Dr. W. A. Ellison, deputy health officer of the City of Atlanta, and the said Ruth Samuels is not now in his custody or control, nor is she confined in said city prison, nor has she been since December 24, 1918. These statements were not denied.

*S. A. Massell* and *J. O. Wood,* for plaintiff.

*J. L. Mayson* and *S. D. Hewlett,* for defendant.