.TRIMBLE *v.* COMMISSIONERS OF TROUP COUNTY *et al.*

No. 6335. SEPTEMBER 15, 1928.

*M. U. Mooty* and *Boykin & Boykin,* for plaintiff.

*Lovejoy & Mayer, Henry Reeves, Seward M. Smith,* and *L. B. Wyatt,* for defendants.

ATKINSON, J. It has been held that "a writ of error in an injunction case will not be dismissed upon the ground that the act sought to be enjoined has been completed, when the evidence offered by the defendant in error in support of his motion to dismiss is controverted in any way by the opposite party." *Tuells* v. *Torras,* 113 *Ga.* 691 (39 S. E. 455). Conversely, a writ of error will be dismissed in the circumstances enumerated, where the evidence offered by the defendant in error in support of his motion is not controverted in any way by the opposite party. The petition in this case alleges that the plaintiff is owner "of the mineral and quarry rights of" described 50 acres of land situated in Troup County "on State Highway No. 14;" that said 50 acres is located in the center of a rock quarry; that situs of the quarry is in a semicircle with an opening parallel to the highway as at present located; that the defendants are preparing to construct and are constructing a State Highway through said property without the consent of your petitioner; that the proposed highway verges from the existing highway No. 14 as at present located on petitioner's property, so as to work a change of location and place said highway in front of the opening of the semicircle and between the said rock

quarry and the existing railroad; that such change in the location of the highway will interfere with the operation of the stone quarry, because of danger that will ensue for persons using the highway from the blasting that will be necessary in the operation of the quarry, and will otherwise operate injuriously to the plaintiff. The prayers are that the defendants "be restrained and enjoined from entering upon petitioner's property, changing the grade of same, and from constructing said highway thereon;" and for general relief. At the interlocutory hearing the judge ordered "that the prayer for interlocutory injunction be and the same is denied, and the above restraining order is dissolved." The plaintiff duly excepted to the order and brought the case to the Supreme Court, but did not obtain a supersedeas. The defendants filed a motion to dismiss the bill of exceptions, on the ground that, between the date of the order refusing an interlocutory injunction and the argument of the case before the Supreme Court, "the work of grading, constructing, and building said highway over the property described in plaintiff's petition went forward and . . has been completely graded, constructed, and paved over the property described in said petition, and that said highway is now completed." A rule was issued requiring the plaintiff to show cause why said motion should not be granted on the ground that the questions therein raised are moot. In response to the rule there was no specific denial of the sworn charges in the motion to dismiss, but the answer stated that "there was no invasion of the property by defendants until about February, 1928, at which time they began to complete laying the concrete highway through the property in question. The old highway at this point is still open and in use. It leaves the concrete on the property and intersects with it a short distance from it. Counsel for plaintiff has used the former highway for auto travel the present week. It shows indications of being used daily and regularly." The answer of the respondent was in effect an admission that the thing sought to be enjoined had been accomplished; and the motion to dismiss the bill of exceptions on the grounds that the questions therein made are moot will be sustained.

*Writ of error dismissed. All the Justices concur.*