BISHOP *v.* McGUIRE.

No. 7124. October 19, 1929.

John T. Dorsey and A. H. Burlz, for plaintiff.

Morris, Hawkins & Wallace, for defendant.

BECK, P. J.   (After stating the foregoing facts.)   We are of the opinion that under the facts alleged the court erred in sustaining the general demurrer and dismissing the petition.   Clearly the petition sets forth a good equitable cause of action.   The verbal contract between petitioner and defendant had been partly performed and was enforceable; and evidence that the plaintiff upon the trial might submit to establish this contract would in no wise violate the rule which prohibits the varying of the terms of a written contract by parol testimony offered to show a contract or terms of a contract different from that contained in the writing. The proof of the contract between petitioner and defendant as to the use to be made of the lot which was rented from Brumby would in no way alter or vary the terms of the written contract between Brumby of the one part, and the plaintiff and defendant of the other part.   The court of equity should have retained jurisdiction of this case, because a suit at law would not have afforded adequate remedy for the wrongs alleged.

The motion to dismiss the writ of error, on the ground that the case is moot, is without merit.   While in the motion to dismiss it is shown that removal of the oil-tanks, etc., has been made by Bishop, the plaintiff, there is a counter-affidavit showing the circumstances under which the tanks and other accessories were removed; and in view of that showing, and especially in view of the prayer in the petition that the defendant be restrained from taking the "exclusive possession of the filling-station, using the same to his own individual uses to the exclusion of petitioner," questions involving substantial equitable rights were left for determination by the court.        *Judgment reversed.   All the Justices concur.*