### MAJOR v. CITY OF ATLANTA *et al.*

DUCKWORTH, Justice. 1. "This court will in no case undertake to pass upon questions presented by a bill of exceptions, when it affirmatively appears that, even if the judgment of the court below were reversed, the plaintiff in error would derive no benefit from the adjudication." *Davis* v. *Jasper,* 119 *Ga.* 57 (45 S. E. 724); *Williams* v. *State,* 187 *Ga.* 415 (1 S. E. 2d, 27); *Smith* v. *Jeffries,* 188 *Ga.* 649, 651 (4 S. E. 2d, 637); *Patten* v. *Miller,* 190 *Ga.* 123, 152 (8 S. E. 2d, 757).

2. Statements of fact in a motion to dismiss a case as moot, which are not directly denied by the opposite party, will be taken as true in passing on the motion. *Henderson* v. *Hoppe,* 103 *Ga.* 684 (30 S. E. 653); *Gardner* v. *Jones,* 161 *Ga.* 286 (130 S. E. 680); *Trimble* v. *Commissioners of Troup County,* 167 *Ga.* 52 (144 S. E. 771).

3. The temporary restraining order, enjoining the defendants from executing a dispossessory warrant "until the further order of the court," having expired by its own limitations upon the sustaining of the general demurrer to the petition seeking to enjoin such proceeding (*Powell*

v. *Parker*, 38 *Ga.* 644 (3) ; *Lathrop* v. *Miller*, 164 *Ga.* 167, 169, 138 S. E. 50), and the plaintiff having failed to comply with the order of the court, as admitted by his counsel, by giving a bond to effect a supersedeas pending an adjudication by this court, and it appearing from the defendants' motion to dismiss the case as moot that, subsequently to the judgment sustaining the general demurrer to the petition, which was equivalent to denying the injunction sought as to the execution of the dispossessory warrant, the marshal through his deputies had executed the dispossessory warrant, which allegation of fact is not specifically denied by the respondent, no substantial benefit would be derived by him if the judgment on demurrer were reversed by this court, and, accordingly, the writ of error must, under the authorities above cited, be dismissed.

4. The contention of the plaintiff in error that a reversal of the judgment by this court would confer a benefit upon him, since he would thereby be entitled to amend his petition and seek damages because of the alleged illegal trespass in dispossessing him, is without merit for the reason that an amendment seeking to recover on a cause of action not in existence at the time the original action was brought is not allowable. *Wilson* v. *Missouri State Life Ins. Co.*, 184 *Ga.* 184, 186 (190 S. E. 552). *Writ of error dismissed. All the Justices concur.*

No. 14963. OCTOBER 5, 1944.

*E. L. Fowler* and *Robert B. Blackburn,* for plaintiff.

*J. C. Savage, Bond Almand, J. C. Murphy,* and *Ralph Williams,* for defendants.