## DAVISON *v.* CITY OF SUMMERVILLE.

No. 16478. FEBRUARY 15, 1949.

*Maddox & Maddox,* for plaintiff.

*Thomas J. Espy Jr.* and *Jesse M. Sellers,* for defendant.

WYATT, Justice. The statements contained in the motion to dismiss, not being denied, will be taken as true. *Smith* v. *Jeffries,* 188 *Ga.* 649 (4 S. E. 2d, 637).

The petition prays only for an injunction and general relief. All the acts sought to be enjoined have been completed. Accordingly, a reversal of the judgment complained of would be ineffectual, and the case has become moot. *Brockett* v. *Maxwell,* 200 *Ga.* 38 (35 S. E. 2d, 906), and cit.; *Hobbs* v. *Howell,* 204 *Ga.* 370 (49 S. E. 2d, 827).

On the motion to dismiss it is contended by the plaintiff in error that the petition raised a question as to the validity of a contract, and that the writ of error should be retained for the purpose of passing upon this question. Counsel for the plaintiff in error have misconstrued the petition, which does not allege the invalidity of a contract, but on the contrary alleges that the acts sought to be enjoined are illegal because the defendants have entered into no contract. However, this statement is not intended as an intimation that the construction placed upon the petition by counsel, if correct, would afford any

reason for a different disposition of the case than that here made.

Practically every petition seeking an injunction is based upon the allegation that the acts sought to be enjoined are illegal; but where such acts have been completed, and the sole relief sought is an injunction against the commission of the alleged illegal acts, this court will not retain the writ of error merely for the purpose of determining whether the acts were in fact illegal. Writs of error will not be retained by this court to decide abstract questions. *Samuels* v. *Lanford,* 149 *Ga.* 167 (99 S. E. 532). This case is controlled, in principle, by *Abernathy* v. *Dorsey,* 189 *Ga.* 72 (5 S. E. 2d, 39), where, in answer to a motion to dismiss based on the ground that an election sought to be enjoined had been held, the plaintiffs in error contended that they would "derive much and lasting benefits" from an adjudication that there was "no legal authority to hold the election." This court held: "The only question and subject-matter of the case having become moot by the actual holding of the election, the mere fact that the plaintiffs might possibly derive some future benefit from a favorable adjudication on the abstract question, or that a decision would settle the question of costs, will not authorize this court to retain and decide the case." See also *Waldron* v. *Atlanta,* 167 *Ga.* 620 (146 S. E. 318).

*Writ of error dismissed. All the Justices concur.*