RENTZ *et al. v.* MOODY, Ordinary, *et al.*

HAWKINS, Justice. R. R. Doke and others, on October 14, 1948, filed their petition, in the Superior Court of Appling County, for mandamus against M. F. Moody, as ordinary, to require him to place the names of all candidates for the office of Commissioner of Roads and Revenues of Appling County on the ballots to be used by the voters in each militia district in the county in the general election to be held on November 2, 1948, alleging that the act of the General Assembly of 1947 (Ga. L. 1947, p. 89), providing that the commissioners be voted for only in the district in which they resided, was unconstitutional because the· enrolled act failed to show proper notice of intention to apply for passage thereof. The petition for mandamus, on presentation, was sanctioned and ordered filed, and mandamus nisi issued requiring M. F. Moody, ordinary, to show cause on October 25, 1948, why mandamus absolute should not issue as prayed, and providing that, in default of such appearance and showing, the mandamus prayed for would be made absolute, and for service on the respondent. On October 25, 1948, R. W. Rentz and others, who are the plaintiffs in error here, presented what they termed a plea to the petition above referred to, alleging that they were taxpayers and citizens interested in the welfare of the county, and since no response had been filed by the ordinary, against whom the proceeding was brought, prayed leave to intervene and objected to the granting of the relief sought. It is recited in the bill of exceptions that the plaintiffs introduced some documentary evidence, and that after the evidence was in, the court rendered the following judgment: "That the prayers of the plaintiffs' petition be granted and that a mandamus absolute be granted, and the defendant M. F. Moody, Ordinary of Appling County, Georgia, is hereby commanded to place all the names of the qualified candidates for office of Commissioners. of Roads and Revenues of Appling County, Georgia, on the official ballots furnished the election managers in each and every militia district in the county, to be used in the general election to be held in said county on 2nd day of Nov. 1948." The exception here is to this. judgment.

A motion has been made to dismiss the writ of error on the grounds: (1) that no supersedeas was requested of or granted by the trial court; that the ordinary, in compliance with the mandamus absolute, placed. the names of all candidates for said office on the ballots for each militia district; that said ballots were used in the general election held in the· county on November 2, 1948, and that under these circumstances the question presented by this bill of exceptions has become moot; (2),

that no approved brief of the evidence is ,specified by or incorporated in the bill of exceptions or in the record; and (3) that M. F. Moody, as ordinary, against whom the judgment complained of was rendered, is a necessary party to the bill of exceptions, and that he has not been made such a party and has not been served with or acknowledged service on the bill of exceptions. *Held:*

We deem it necessary to deal only with the first ground of the motion to dismiss. The statements therein contained, that no supersedeas of the judgment complained of was requested of or granted by the court below, that there has been a full compliance therewith by the ordinary, and that the election was held on November 2, 1948, are not denied by the plaintiff in error, the only response thereto being in the brief of counsel for the plaintiffs in error, to the effect that these statements are outside of the record. In *Major* v. *Atlanta,* 198 *Ga.* 303 (2) (31 S. E. 2d, 727), this court held: "Statements of fact in a motion to dismiss a case as moot, which are not directly denied by the opposite party, will be taken as true in passing on the motion. *Henderson* v. *Hoppe,* 103 *Ga.* 684 (30 S. E. 653); *Gardner* v. *Jones,* 161 *Ga.* 286 (130 S. E. 680); *Trimble* v. *Commissioners" of Troup County,* 167 *Ga.* 52 (144 S. E. 771)." Thus, taking as true the statements contained in the motion to dismiss, the question presented by the bill of exceptions is moot, and the writ of error must be dismissed. *Abernathy* v. *Dorsey,* 189 *Ga.* 72 (5 S. E. 2d, 39); *Tabor* v. *Hipp,* 136 *Ga.* 123 (70 S. E. 886, Ann. Cas. 1912C, 246); *Bigham* v. *Yundt,* 158 *Ga.* 600 (123 S. E. 870); *Mathews* v. *Fort Valley Cotton Mills,* 177 *Ga.* 340 (170 S. E. 256).

*Writ of error dismissed. All the Justices concur.*

No. 16501. FEBRUARY 16, 1949.

*H. L. Williams,* for plaintiffs.
*J. H. Highsmith* and *M. C. Grainger,* for defendants.