ROBERTSON *et al. v.* TEMPLE *et al.*

HAWKINS, Justice. 1. While this court will not decide moot or abstract questions, or consider a bill of exceptions where it affirmatively appears that a reversal of the judgment complained of would not benefit the plaintiff in error (*Smith* v. *Jeffries,* 188 *Ga.* 649, 4 S. E. 2d, 637; *Samuels* v. *Lanford,* 149 *Ga.* 167, 99 S. E. 532; *Haley* v. *Bailey,* 199 *Ga.* 486, 34 S. E. 2d, 685; *Davison* v. *City of Summerville,* 204 *Ga.* 748, 51 S. E. 2d, 820; *Rentz* v. *Moody,* 204 *Ga.* 784, 51 S. E. 2d, 838), these rules have no application to the instant case, since the acts of the General Assembly here attacked as being unconstitutional provide, among other things, for the holding of elections every two years for the selection of commissioners, for an increase from three to five in the number of commissioners as the governing authority of the municipality, and for the changing of the terms of the commissioners from six to two years; and a bill of exceptions, complaining of the judgment of the trial court enjoining the defendants from holding the first election provided for under the terms of the acts on a specified day, and also from holding an election on "any other day," and declaring the acts unconstitutional, is not rendered moot and subject to dismissal because the day for the holding of the first election has passed. The motion to dismiss the writ of error is without merit. *Bishop* v. *McGuire,* 169 *Ga.* 349 (150 S. E. 92); *Findley* v. *City of Vidalia,* 204

*Ga.* 279 (49 S. E. 2d, 658); *Findley* v. *City of Vidalia,* 78 *Ga. App.* 581 (51 S. E. 2d, 542); *Peoples Bank* v. *Fidelity Loan & Trust Co.,* 155 *Ga.* 619 (1) (117 S. E. 747); *Haley* v. *Bailey,* 199 *Ga.* 486 (supra).

2. Where, as in this case, the corporate limits of a municipality include portions of two counties, and the notice of intention to apply for passage of a local bill is published as required by law in the newspaper in which the sheriff's advertisements for the county of the legal situs of the municipality are published, and the local act in its enrolled form contains proof of such publication in the county of the legal situs of the municipality, this is a sufficient compliance with the requirements of article 3, section 7, paragraph 15 of the Constitution of 1945 (Code, Ann., § 2-1915), that: "No local or special bill shall be passed, unless notice of the intention to apply therefor shall have been published in the newspaper in which the sheriff's advertisements for the locality affected are published, once a week for three weeks during a period of sixty days immediately preceding its introduction into the General Assembly. No local or special bill shall become law unless there is attached to and made a part of said bill a copy of said notice certified by the publisher, or accompanied by an affidavit of the author, to the effect that said notice has been published as provided by law." Publication of such notice need not be made also in the newspaper in which the sheriff's advertisements are published in the other county, a portion of which is included in the municipality. See, in this connection, *Mayor &c. of Arlington* v. *Calhoun,* 148 *Ga.* 132 (95 S. E. 991); *Coffee* v. *Ragsdale,* 112 *Ga.* 705, 709 (37 S. E. 968); *Rish* v. *Clements,* 21 *Ga. App.* 287, 290 (94 S. E. 318).

(a) Under the foregoing rulings, House Bill No. 744, Act No. 798 (Ga. L. 1950, p. 2754), containing proof of legal publication in the proper newspaper in Meriwether County, the legal situs of the City of Manchester (Ga. L. 1909, pp. 1071, 1077), is not violative of the constitutional provisions above referred to; and House Bill No. 966, Act No. 626 (Ga. L. 1950, p. 2328), which carries proof of publication in Talbot County, a portion of which is within the corporate limits of the City of Manchester, but contains insufficient proof of publication in Meriwether County, the legal situs of the municipality, is invalid. *Smith.* v. *McMichael,* 203 *Ga.* 74 (45 S. E. 2d, 431); *Smith* v. *City Council of Augusta,* 203 *Ga.* 511 (47 S. E. 2d, 582); *Bergman* v. *Dutton,* 203 *Ga.* 672 (48 S. E. 2d, 101); *City of Macon* v. *Walker,* 204 *Ga.* 810 (51 S. E. 2d, 633).

3. By section 3 of the act approved August 20, 1923 (Ga. L. 1923, p. 739), the governing authority of the City of Manchester consisted of three commissioners of the City of Manchester. By section 1 of House Bill No. 744 (Ga. L. 1950, p. 2754), the number of commissioners of the City of Manchester was increased from three to five, thereby adding two members to the municipal governing authority. Section 3 of said act, which provides that "the five candidates receiving the highest number of votes shall be declared elected," thus permitting the election of the two new members by a plurality of the votes cast instead of by a majority vote of the qualified voters, is violative of and contravenes article 3, section 7, paragraph 15, of the Constitution of 1945 (Code, Ann., § 2-1915), which requires that, "Where any local law

shall add any member or members to any municipal or county governing authority, the members of which are elected by the people, such local law must provide that the member or members so added must be elected by a majority vote of the qualified voters of the political subdivision affected"; and is therefore invalid. *Gavin* v. *City of Atlanta,* 86 *Ga.* 132 (12 S. E. 262); *Mayor & Council of Madison* v. *Wade,* 88 *Ga.* 699 (16 S. E. 21); *Mayor & Aldermen of Milledgeville* v. *Vinson,* 92 *Ga.* 560 (17 S. E. 864); *McKnight* v. *City of Decatur,* 200 *Ga.* 611 (37 S. E. 2d, 915), and cases there cited.

4. This case having been submitted to the trial court upon the pleadings, under the foregoing principles the judgment declaring unconstitutional the acts here involved, and enjoining the holding of the first election provided for under the terms thereof, was not erroneous; and since the rulings here made are controlling, it becomes unnecessary to pass upon other questions presented by the record.

*Judgment affirmed. All the Justices concur.*

No. 17195. SEPTEMBER 12, 1950. REHEARING DENIED OCTOBER 13, 1950.

*George C. Kennedy, H. Briscoe Black,* and *Wyatt, Morgan & Sumner,* for plaintiffs in error.

*Powell, Goldstein, Frazer & Murphy, J. Winston Huff, W. S. Allen,* and *J. C. Thompson,* contra.