## Colston *v.* Youmans, Sheriff, *et al.*

Hawkins, Justice. Mrs. Eliza Moore Colston filed a habeas corpus proceeding against the sheriff and jailor of Emanuel County, Georgia, alleging that her husband, C. T. Colston Sr., was being illegally restrained of his liberty by the defendants by being incarcerated in the common jail of Emanuel County; that, on June 7, 1951, C. T. Colston Sr. was duly adjudged insane by a commission in Washington County, Georgia, and was on the same date committed to the Milledgeville State Hospital for the Insane at Milledgeville, Georgia, where he remained confined until on or about September 14, 1951, when the defendant sheriff went to Milledgeville and arrested Colston while he was an inmate of the State Hospital under and by virtue of some bench warrant for a felony, based upon some indictment returned by the grand jury of Emanuel County; that no one has pursued or attempted to pursue the statutory method of obtaining the release of the plaintiff's husband from the State Hospital; and that he is still judicially insane, and his restraint by the defendants is for that reason illegal. The respondents answered, alleging among other things, that the plaintiff's husband was being held by them under two bench warrants issued from Emanuel Superior Court, based upon two indictments returned against Colston charging him with a felony, three other similar bench warrants issued from the Superior Court of Johnson County, Georgia, and upon a criminal warrant from Greene County, Georgia—copies of the indictments and warrants being attached to the response—and after notice from the Superintendent of the Milledgeville State Hospital that the plaintiff's husband was not insane and was to be released by that institution; and that the plaintiff has declined to come for her husband at the hospital, whereupon the defendants took him in custody under the warrants aforesaid. Upon the hearing of the habeas corpus proceeding on September 22, 1951, the trial judge remanded Colston to the custody of the respondents, and the plaintiff excepts to this judgment. A motion to dismiss the bill of exceptions in this court has been filed by the respondents, alleging that, since the order and judgment of September 22, 1951, and on October 10, 1951, the said C. T. Colston Sr. was tried before a jury in the Superior Court in Emanuel County, Georgia, under the indictment, a copy of which was set out as an exhibit to the original response of the defendants in error; that on the trial no plea of insanity was filed, but only a general plea of not guilty was entered; that the jury returned a verdict of guilty; and that, in accordance with the verdict of the jury, C. T. Colston Sr. was sentenced by the court to serve a term of from three to five years in the penitentiary, duly certified copies of the indictment, plea of not guilty, verdict of the jury, and sentence of the court being attached to the motion to dismiss. To this motion to dismiss, the plaintiff in error in propria persona filed an answer wherein she alleges that she resides some 45 miles from the place of the alleged trial of her husband; that she was not present at any such trial, and "is without knowledge as to any such trial, except, what information she has, if any, is merely hearsay, and therefore she is not in a position to either admit or deny the allegations

of said motion to dismiss, but upon information and belief denies each and every allegation of said motion and the genuineness of the alleged exhibits thereto attached, and demands strict proof thereof," and she insists that, because of this sort of answer, this court cannot consider the motion to dismiss. *Held:*

1. While this court is without original jurisdiction, and cannot hear evidence or pass upon disputed issues of fact raised by a motion to dismiss a bill of exceptions and a valid denial of the allegations thereof *(Johnson v. Tanner,* 126 *Ga.* 718, 56 S. E. 80), where, as in this case, the motion to dismiss is based upon duly certified copies of records of the superior court under the seal of the clerk of the court attached thereto, a purported denial thereof which shows on its face that the one attempting to make the denial is "without knowledge," and "is not in a position to either admit or deny the allegations of said motion to dismiss," such a purported denial is wholly insufficient to raise any issue as to the truthfulness of the allegations of the motion to dismiss and the genuineness of the properly certified copies of the records of the court thereto attached. "Statements of fact in a motion to dismiss a case as moot, which are not directly denied by the opposite party, will be taken as true in passing on the motion." *Major* v. *City of Atlanta,* 198 *Ga.* 303 (2) (31 S. E. 2d, 727); *Rentz* v. *Moody,* 204 *Ga.* 784 (51 S. E. 2d, 838).

2. It appearing from the motion to dismiss and the exhibits attached thereto that, since the judgment rendered by the trial judge in the habeas corpus case and here complained of, the person sought to be released has been tried, convicted, and duly and properly sentenced to the public works camp of the State of Georgia and under that sentence remanded to the common jail of Emanuel County, there to be kept until "demanded by a guard to be sent by the Board of Control of this State for the purpose of conveying said convict to the public works camp," and that the plaintiff in error would not derive any benefit from the adjudication even if the judgment of the trial judge is reversed—the questions presented by the bill of exceptions are therefore moot, and the writ of error must be dismissed. *Cohen* v. *Harmon,* 208 *Ga.* 381 (67 S. E. 2d, 110).

*Writ of error dismissed. All the Justices concur.*

No. 17691. Submitted January 14, 1952—Decided January 29, 1952.

*J. G. Godfrey, Casey Thigpen* and *Eliza Moore Colston,* in propria persona, for plaintiff.

*W. H. Lanier, Solicitor-General,* and *Rountree & Rountree,* for defendants.