Travis *v.* Hewell, Chairman, *et al.*

Duckworth, Chief Justice. Emory Travis sued the individual members of the Democratic Executive Committee of Fayette County, defining his interest in par. 6 of the original petition as "Petitioner intends to offer as a candidate for the 26th Senatorial District of the State of Georgia in the primary whenever the same has been fixed according to the laws of the State of Georgia," and by amendment of this paragraph he alleges that he had already sought to qualify as such candidate by mailing a check for $100 to the chairman of the committee. The amended petition avers that the defendants have called a county primary for the nomination of a senator of the 26th District and other officials, to be held February 27, 1952, and they have adopted a rule that only the person nominated for senator at the preferential primary will be entered in the primary held as directed by the State Committee. The relief prayed is to enjoin the holding of the preferential primary on February 27; enjoin the certification of anyone chosen thereat as the candidate in the State primary; and enjoin the committee from spending any party funds to hold the February primary, from allowing anyone to qualify therein for senator, and from certifying anyone as a Democratic nominee in the general election.

Counsel for the defendants, in the oral argument, stated that the petitioner's check for $100 to qualify him in the State primary had been returned to him at his request and accepted by the petitioner, and the entries are now closed for that primary and the questions here raised have become moot. The petitioner responded by affidavit, reciting

various matters but in no wise controverting counsel's statement of fact that his check had been returned and accepted by him, and that entries have closed for that primary. *Held*:

Since, as above pointed out, the petitioner shows no interest or right to sue aside from his "expected" and then "perfected" qualification as a candidate, the undisputed facts showing that he is not now a candidate and can not now become one in the State primary, his interest has ceased. The questions raised by the bill of exceptions therefore have become moot, and the writ of error must be dismissed. *Smith* v. *Jeffries*, 188 *Ga.* 649 (4 S. E. 2d, 637); *Davison* v. *City of Summerville*, 204 *Ga.* 748 (51 S. E. 2d, 820).

*Writ of error dismissed. All the Justices concur.*

No. 17817. Argued April 14, 1952—Decided May 12, 1952.

*Daniel Duke* and *Leward Hightower*, for plaintiff.

*B. D. Murphy*, for defendants.