## 18484. Ross v. Griffin et al.

Hawkins, Justice. 1. While this court is without original jurisdiction, and cannot hear evidence or pass upon disputed issues of fact raised by a motion to dismiss a bill of exceptions and a valid denial of the allegations thereof, where, as in this case, the motion to dismiss recites that, by virtue of the power contained in a certain security deed executed by Mittie Ross, the within plaintiff in error, to St. Elmo Harrison, on January 14, 1950, recorded in Deed Book 64, page 110, in the office of the Clerk of the Superior Court of Grady County, Georgia, to secure an indebtedness of $1,236.03, which was transferred to Mary Louise Griffin Perry on February 14, 1952, the property involved in this litigation was sold on the first Tuesday in November, 1953, to Elaine J. Griffin, which statements of fact are not directly denied by the opposite party, such statements will be taken as true in passing on the motion. *Colston* v. *Youmans*, 208 *Ga.* 669 (1) (68 S. E. 2d 898).

2. "This court will in no case undertake to pass upon questions presented by a bill of exceptions, when it affirmatively appears that, even if the judgment of the court below were reversed, the plaintiff in error would derive no benefit from the adjudication." *Davis* v. *Jasper*, 119 *Ga.* 57 (45 S. E. 724). See also *Major* v. *City of Atlanta*, 198 *Ga.* 303 (31 S. E. 2d 727).

3. It appearing from the record in this case that the questions involved concerned a deed from Mittie Ross to Mary Louise Griffin Perry, dated February 14, 1952, and recorded in the office of the Clerk of the Superior Court, Grady County, in Deed Record Book 69, page 423, to the same land which was sold on the first Tuesday in November, 1953, by virtue of the power contained in a prior security deed, executed by the plaintiff in error on January 14, 1950, and duly recorded, and that the plaintiff in error was thereby divested of any title to or interest in the land involved, and would not derive any benefit from the adjudication, even if the judgment of the trial judge were reversed, the questions presented by the bill of exceptions are therefore moot, and the writ of error must be dismissed. *Colston* v. *Youmans*, 208 *Ga.* 669 (68 S. E. 2d 898).

*Writ of error dismissed. All the Justices concur.*

Argued February 8, 1954—Decided March 8, 1954.

*Erle M. Donalson,* for plaintiff in error.
*Conger & Conger, J. Willis Conger,* contra.