19533. NEWTON *v.* STEMBRIDGE, Ordinary.

DUCKWORTH, Chief Justice. 1. This court will not decide abstract questions or consider a writ of error where it is made to affirmatively appear that our judgment could not be effectuated by the trial court. The petition here seeks to obtain the writ of mandamus compelling the Ordinary of Baldwin County to call an election of county commissioners,

authorized by Georgia Laws 1956, p. 2725, which creates a new board of commissioners for Baldwin County. While that act provides for the election to be held on November 6, 1956, which has already passed, it further provides that the terms of all commissioners serving at the time of the approval of the act in the referendum election shall be abolished on December 31, 1956. Thus the act expressly abolishes the then-existing commissioner offices, but fails to provide for filling vacancies. It provides for the election of the first members of the board for a term of four years at the same time as the county officers shall be elected in 1956. Since the time for regular elections has passed and the new offices are vacant, the provisions of Code (Ann. Supp.), § 23-801 (Ga. L. 1898, p. 93; 1947, p. 173) became operative and applicable, since the terms provided in the 1956 act extend longer than six months from January 1, 1957. The prayer that the ordinary be required to call an election on November 6, 1956, "or such other time as may be proper," becomes definite in the light of this Code section which requires the ordinary to call a special election. This means, the duty arises instantly upon the occurrence of the vacancy, and while new commissioners were not elected on November 6, 1956, it became the duty of the ordinary to fill the vacancies which would occur under the law. Obviously, therefore, the case is not moot and the motion to dismiss on that ground is denied. See *Haley* v. *Bailey,* 199 *Ga.* 486 (34 S. E. 2d 685); *Robertson* v. *Temple,* 207 *Ga.* 311 (1) (61 S. E. 2d 285); *Ford Motor Co.* v. *Abercrombie,* 207 *Ga.* 464 (62 S. E. 2d 209); and other cases cited in these cases.

2. The judgment dismissing the petition on demurrer in the previous action by other citizens and taxpayers seeking a writ of mandamus to require the Ordinary of Baldwin County to certify the true announced results of said election to the Secretary of State, as required by law, would not bar this action either by estoppel by judgment or as being res judicata. The former suit involved the certification of the election approving an act of the legislature, whereas this suit involves the calling of an election to fill offices created by that act. The subject matter is entirely different, and the former judgment is no bar to this action. Accordingly, the judgment sustaining the plea is erroneous, and the judgment dismissing plaintiff's petition, which was based upon that erroneous judgment, is likewise error.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 13, 1956—DECIDED JANUARY 14, 1957—REHEARING DENIED FEBRUARY 13, 1957.

*D. D. Veal,* for plaintiff in error.

*J. A. Gilmore, Robert H. Herndon, Randall Evans, Jr.,* contra.